OF THE

## STATE OF MISSOURI

AT THE

### APRIL TERM, 1913.

(Continued From Vol. 250.)

---

## AUGUST W. KOEHLER et al., Appellants, v. JAMES PEAKE et al.

**Division One, May 31, 1913.**

**APPEAL: Dismissal Upon Stipulation: Without Revivor.** Under Sec. 2075, R. S. 1909, a revivor, where one of the appealing plaintiffs has died, is not necessary in order that the appeal may be dismissed in accordance with a stipulation entered into by the sole surviving plaintiff and respondent.

Appeal from Carter Circuit Court.—*Hon. W. N. Evans,* Judge.

DISMISSED (*by stipulation*).

*J. W. Chilton* for appellants.

*L. B. Shuck* and *Louis F. Dinning* for respondents.

LAMM, J.—Suit to quiet title to land in Shannon county. Defendants Peake, Cox and Woodside

251 Mo. Sup.]          (1)

**Dismissal of Appeal Upon Stipulation: Revivor.**

were decreed to have none, and abide the decree. Plaintiffs were also decreed to have none and title was decreed in defendant Missouri Mining and Lumber Company. Plaintiffs appeal.

At a certain time, the cause was regularly reached on the docket and submitted here on briefs. While thus under submission and assigned for an opinion, a stipulation was filed showing that plaintiff, Julia Worth Wengler, was the sole surviving appellant and that the cause was to be dismissed at the costs of said Missouri Mining and Lumber Company in the Supreme Court, no action to be taken as to costs *nisi*—they having been settled.

Under section 2075, Revised Statutes 1909, and cases interpreting it, it would seem that a revivor was not necessary to permit the stipulated disposition of the cause.

The case is one, then, to which the saying applies: A short horse, soon curried.

Therefore, by virtue of the stipulation, the cause should be dismissed at the costs of respondent, said company, in this court. It is so ordered. All concur.