## HARRY J. MEAD v. JASPER COUNTY, Appellant.

In Banc, November 25, 1924.

1. **APPELLATE JURISDICTION**: **County as Party.** The Supreme Court has jurisdiction of an appeal from a judgment against a county.

2. **SHERIFF**: **Board of Prisoners**: **Change of Fees by Court in January.** The statute (Sec. 11033, R. S. 1919) requires the county court "at the November term" to make an order fixing the fee for furnishing each prisoner with board for each day "for one year commencing on the first day of January thereafter," and the county court, having on December 1st fixed the fee at seventy-five cents, had no power on January 16th, during the same term, to revoke its order and fix the fee at sixty-five cents per day. The statute contemplates that the court shall fix the fee at the November term and prior to January first, to be effective "thereafter" during the ensuing year.

3. ————: ————: ————: **Vested Right.** The county court, having at its November term and early in December, made a valid order fixing the sheriff's fees for boarding prisoners at seventy-five cents per day for the ensuing year beginning on January 1st, exhausted its power in respect to the matter for that year, and could not thereafter in January set aside said order and make another fixing the sheriff's fees at sixty-five cents per day, particularly if rights thereby became fixed for said ensuing year. The proviso to the statute that the sheriff shall not contract for the furnishing of such board for a price less than that fixed by the county court is a recognition of his right to lawfully contract with others to furnish such board without profit to himself, and common fairness requires that the county court, through caprice or even for motives entirely proper, should not change its order to the detriment of the sheriff, especially where, after said order was made, he has contracted for provisions, or lawfully contracted with others for their board. Rights having accrued under the order timely made, the order cannot be revoked to the detriment of either the sheriff or the county, but partakes of the nature of a contract for the ensuing year beginning with the first day of January.

4. ————: ————: **Changing Orders During Term.** A general rule that a court has power during the continuance of a term at which an order or judgment is made to set it aside and substitute another proper and necessary one in lieu thereof has no application where the power to make the order is derived from the statute and it

Mead v. Jasper County.

provides that the order shall be made in a designated manner and at a definite time.

Citations pertaining to subject of Headnote, see: 1, Courts, 15 C. J. par. 511; 2, Prisons, 32 Cyc. 356; 3 and 4, Counties, 15 C. J. par. 123, and Prisons, 32 Cyc. 356.

Appeal from Jasper Circuit Court.—*Hon. Sardis W. Bates,* Judge.

AFFIRMED.

*Roy Coyne* and *Frank L. Forlow* for appellant.

(1.) The county courts, in the different counties of the State, shall in the November term of each year, make the allowance to the sheriff for the boarding of prisoners in the county for the succeeding year. Sec. 11003, R. S. 1919. The allowance shall not exceed seventy-five cents per day. Sec. 11002, R. S. 1919. County courts are courts of record, made so by statute. Sec. 2323, R. S. 1919. Trial courts may, for good cause shown, vacate their judgments at any time during the term at which they were rendered. Nelson v. Ghislein, 17 Mo. App. 663. It is a general principle which has come down to us, from the practice of the English courts of law, and which may, therefore, be regarded as the rule of the common law, that, during the entire term of the court, the records and proceedings of the court are in the breast of the judge, for the purpose of making amendments, or vacating improvident orders, and for the more general purpose of establishing justice between the parties before it. In re Mayfield, 17 Mo. App. 689. Courts of record speak only through their records. Kansas City v. Railroad, 81 Mo. 285; Cummings v. Brown, 181 Mo. 711; Henry County v. Salmon, 201 Mo. 136. (2) Contracts with county court must be proved by the record, and cannot be established by parol. Dennison v. St. Louis Co., 33 Mo. 168; Maupin v. County, 67 Mo. 327;

Johnson County v. Wood, 84 Mo. 489; Funk v. Seehorn, 99 Mo. App. 587; Wright v. Heatherlin, 209 S. W. 871. (3) County courts are only agents of the county, and can bind county only when acting strictly within the scope of statutory authority. Bayless v. Gibbs, 251 Mo. 492; Saline County v. Wilson, 61 Mo. 237. The administration acts of county courts are not *res adjudicata,* but may be inquired into and corrected. Marion County v. Phillips, 45 Mo. 75. And may be revoked at subsequent term. State ex rel. v. County Court, 17 Mo. 507. (4) County courts act ministerially in ordering payment of sum as gratuity, in approving collector's bond, in settling with collectors, in settling with sheriffs. County courts act judicially in assessing taxes. State to use of Roberts, 60 Mo. 402; State ex rel. v. County Court, 47 Mo. 594; Owens v. County Court, 49 Mo. 372.

*C. C. Spencer* and *A. E. Spencer* for respondent.

(1) Section 11003, imposes on the court the duty of making an order fixing the fee. It must be done at the November term of court in each year, and cannot be done earlier. With equal force, it must be done at said term before the ensuing January first, for it must fix the fee for one year, commencing on the first day of January next thereafter, that is, next after the making of the order. It is apparent that the Legislature not only withheld the power until the November term each year, but it also intended that the order should be prospective in form, made before January first next following the order, and that an order retrospective in form or effect was not contemplated or authorized. The sheriff is required to board the prisoners, as a part of his official duties. This order fixes his rate of compensation for this for the ensuing year. He should know in advance what the compensation is to be, so he can make his arrangements accordingly. He should not be required, as defendant necessarily contends, to furnish this board, or

contract with another for it, for fifteen days or any other portion of the new year, and then submit to an order fixing the compensation for both what he has done, and what remains to be done during the year. When the county court made the order of December first, it acted within the period fixed by the statute, and the order was strictly within its limitations in all things. When the certified copy was filed, there was a full and complete exercise of the powers given by the statute, and the matter ended for the year 1923. Even if there was power to modify the order before January first (and this we do not concede), that power ended with the advent of January first, because there is no power to make an order retrospective in effect. (2) Orders under the general powers of the court could not be set aside after rights have accrued thereunder. State v. Morgan, 144 Mo. App. 35; 15 C. J. 470, sec. 123.

DAVID E. BLAIR, J.—This is an action by the sheriff of Jasper County to recover from said county the balance alleged to be due on account of board furnished by him to prisoners confined in the county jail. Trial before the circuit court without a jury resulted in a judgment for plaintiff for $1014.51, from which judgment defendant county has appealed. Because the action is against a county, we have appellate jurisdiction.

There is no controversy concerning the facts. The abstract of record contains the following admission:

"It is admitted for the purpose of this trial that the plaintiff was, during 1922 and all of 1923, the duly elected, qualified and acting Sheriff of Jasper County, Missouri, as such he had charge of the county jail and the boarding and feeding of prisoners in the county jail under criminal charges, for which board the county was liable. It is admitted that at the November term, 1922, of the County Court of Jasper County, to-wit, on December 1, 1922, the county court made an order of record fixing the fees to the plaintiff for furnishing each

of such prisoners with the board for each day for one year, commencing on the first day of January next thereafter, and fixing the fees to the plaintiff for the period from January 1, 1923, to December 31, 1923, at seventy-five cents per prisoner per day; that on December 4, 1922, the Clerk of the County Court certified to the Clerk of the Circuit Court of the defendant county, a copy of such order, and same was on that date, filed in the office of the Clerk of the Circuit Court. It is admitted that during 1923, from January 1st to December 31st, the plaintiff had in his custody and confined in the county jail of defendant county, and furnished board for prisoners, for whose board the defendant is admitted to be liable, as stated in the petition. It is admitted that the statement of the prisoners confined and the number of days each prisoner was confined during 1923, as stated in the petition, is correct; that about the first of each calendar month beginning February 1, 1923, the plaintiff made and rendered to the county court of defendant county, an itemized statement of the bill for the board of such prisoners, which bill had become due and payable for the preceding calendar month, such statement covering the items and rate set out heretofore in the petition. It is admitted that the defendant made payments on said account, as stated in the petition, and that no payments have been made except as so stated. It is also admitted that the county court of defendant county, on January 16, 1923, and during the November term, 1922, of said court, made and entered of record the order copied and set out *verbatim* in the answer, and that on the same day, to-wit, January 16, 1923, the Clerk of the County Court certified the copy of said order to the Clerk of the Circuit Court, and filed same with him. It is also admitted that during the period from January 1st to January 16, 1923, both inclusive, the plaintiff had in his charge and custody in the jail various of the prisoners, included in the list set out in the petition, and was furnishing them board each day.

It is admitted that the aggregate of board furnished to the prisoners during the year 1923, was 9678 days, which at seventy-five cents per day, would amount to $7258.50; at sixty-five cents per day, it would amount to $6290.70; that the defendant made payments on said account in the amounts and on the dates set up in the petition, and that the total of said payments is $6266.65; that the only question in dispute is whether the rate of allowance to the sheriff is seventy-five cents per day per prisoner or sixty-five cents per day per prisoner, and that the money amount of the principal of the difference is $967.80, which amount is unpaid. The monthly demand is admitted also, as stated in the petition.''

The only other evidence in the case consisted of the introduction of certified copies of two orders made by the County Court of Jasper County. The order of December 1, 1922, during the November, 1922, term of said court, was as follows:

''Court orders that allowance made sheriff covering board of prisoners in county jail for period (January 1, 1923, to December 31, 1923) shall be seventy-five cents per prisoner, per day.''

During the same term of said county court and on January 16, 1923, the following order was made:

''Whereas the county court did on December 1, 1922, on the 18th day of the November term, 1922, enter of record the following: 'Court orders that allowance made sheriff covering board of prisoners in county jail for period (January 1, 1923, to December 31, 1923) shall be seventy-five cents per prisoner per day', which order is taken up by the court on its own motion on this the 16th day of January, 1923, on the 50th day of the November term, 1922, and it appearing to the court that said order was and is ill-advised, that provisions are as cheap or cheaper than in 1922, when sheriff was allowed sixty-five cents per prisoner per day, and that no good reason exists for the increase of ten cents per prisoner per day and that such increase is an improper and unjust burden

305 Mo.—31.

upon the taxpayers of Jasper County, and wholly unwarranted;

"Now, therefore, be it ordered that the order above set forth be and the same is hereby set aside and for naught held, and be it further ordered that the sheriff be allowed for the board of prisoners in the county jail for the year 1923, sixty-five cents per day per prisoner."

The sole question for determination is whether respondent is entitled to be paid seventy-five cents a day for the board of each prisoner, as provided in the order of December 1, 1922, or is entitled to be paid only sixty-five cents a day on such account, as provided by the order of January 16, 1923. It is agreed that the account has been paid in full, if the county court had the power to make and enforce the order of January 16, 1923. The solution therefore rests in the determination of the power of the county court on January 16, 1923, to set aside the order of December 1, 1922, and make a new order at the sixty-five-cent rate. If it had such power, the judgment of the circuit court should be reversed. If it did not have such power, the judgment should be affirmed.

Appellant has made seven assignments of error, including complaints as to the giving and refusal of instructions. However, all such assignments depend upon the question of the power of the county court to make the order of January 16, 1923. Such instructions and other complaints need not, therefore, be considered or noticed separately.

While the motive actuating the county court, in attempting to set aside the order of December 1, 1922, and to fix a lower rate by subsequent order, appears wholly immaterial, it may help to an understanding of the case to note that the order of January 16, 1923, was made by the newly-elected county court, whose members took office January 1, 1923.

Section 11002, Revised Statutes 1919, reads as follows:

"Hereafter sheriffs, marshals and other officers shall be allowed for furnishing each prisoner with board, for each day, such sum, not exceeding seventy-five cents, as may be fixed by the county court of each county and by the municipal assembly of any city not in a county in this State: *Provided,* that no sheriff shall contract for the furnishing of such board for a price less than that fixed by the county court."

Section 11003, Revised Statutes 1919, reads as follows:

"It shall be the duty of the county courts of each county in this State at the November term thereof in each year to make an order of record fixing the fee for furnishing each prisoner with board for each day for one year commencing on the first day of January next thereafter, and it shall be the duty of the clerk of the county court to certify to the clerk of the circuit court of such county a copy of such order, and the same shall be filed in the office of the clerk of the circuit court for the use of the said clerk and the judge and prosecuting attorney in making and certifying fee bills."

It is apparent that Section 11003 contemplates that the county court shall fix the compensation for the ensuing year during its November term and prior to January first. The use of the word "thereafter" demonstrates that the order shall be made prior to January first. Therefore, the order of December 1, 1922, was timely and authoritatively made and the only question is whether the county court had the power to set that order aside and to make a new and different order after January first, but at the same term of court.

Appellant contends that the county court is a court of record and that its orders are in the breast of the court during the term at which such orders are made and that it may set aside such orders at any time during the term and make such orders in lieu thereof as it shall deem proper and necessary and that it had such power over the order of December 1, 1922.

Assuming that the foregoing proposition is true generally, we are satisfied that such general rule has no application here. The power which the county court has to fix the fees of the sheriff for boarding prisoners is derived from the statute, which provides that such power shall be exercised in a certain manner (by order of record, a copy of which shall be filed with the circuit clerk) and at a definite time (at the November term and prior to the first day of January). The power of the county court to set aside its order in the premises at a later day in the November term and prior to January first is not before us and we need not consider the case from that angle. The county court attempted to set aside the order of December 1, 1922, after January first. The precise question seems never to have been before the appellate courts of the State.

The case of State ex rel. Rosenthal v. Smiley, 304 Mo. 594, very recently decided by this court en banc, apparently throws some light on the power of the county court, though the facts are entirely different. There the County Court of St. Louis County, in the exercise of its discretion, under Section 783, Revised Statutes 1919, appointed a county counsellor on December 1, 1922. Said appointee resigned December 13, 1922, and the county court made a new order appointing a county counsellor for two years from that date. There, as here, a new county court came into office January 1, 1923, and on January 2, 1923, such new court made an order setting aside the order of the old court under date of December 13, 1922, and declaring the office of county counsellor to be vacant. The county counsellor appointed December 13, 1922, brought up to the circuit court by *certiorari* the record of the county court of January 2, 1923, and the same was quashed. On appeal, this court reversed the judgment of the circuit court. We held that, by the order of December 1, 1922, the county court exhausted its authority with respect to establishing the office of county counsellor in St. Louis County, and that all it could do

on December 13, 1922, was to make an appointment to fill the vacancy created by resignation, and that, as the order establishing the office on December 13, 1922, was void, the county court had the right to set such order aside on January 2, 1923.  But we there said:

"The statute itself creates the office, potentially, to come into actuality upon the happening of a future contingency; namely, the exercise of the power of appointment conferred by it upon the county court.  [State v. Wilcox, 45 Mo. 458, 464.]  When, therefore, the county court, on December 1, 1922 appointed Kiskaddon, the office of County Counsellor of St. Louis County came into existence, as a fixed and established county office.  Thereafter the only power or duty that the county court had with respect to it was to fill it by appointment whenever it became vacant.  The discretion with which the court was invested under the statute to determine in the first instance whether the public interest required the appointment of a county counsellor was exhausted by its first appointment.  To hold otherwise would be to hold in effect that the Legislature had delegated to the county court authority to create and discontinue the office from time to time at its pleasure, and this the Legislature could not do."

The county court, having made a valid order which was within its power and duty to make at the November term and before January first, exhausted its power in respect thereto for that year and could not set same aside after January first, particularly, if rights became fixed thereby by the ensuing year.  In Bayless v. Gibbs, 251 Mo. l. c. 506, it was said:

"This court, in numerous cases, has repeatedly held that the county courts of the respective counties of the State are not the general agents of the counties of the State.  They are courts of limited jurisdictions, with powers well defined and limited by the laws of the State; and as has been well said, the statutes of the State constitute their warrant of authority, and when they act

outside of and beyond their statutory authority, their acts are null and void.''

In Saline County v. Wilson, 61 Mo. l. c. 239, it was said:

''County courts are only agents of their respective counties in the manner and to the extent prescribed by law. So long as they continue to tread in the narrow pathway allotted to their feet by legal enactment, their acts are valid, but whenever they step beyond their acts are void.''

The general rule is laid down in 15 Corpus Juris, page 470, where it is said:

''Where a county board or court exercises functions which are administrative or ministerial in their nature and which pertain to the ordinary county business, and the exercise of such functions is not restricted as to time and manner, it may modify or repeal its action; but in no event has such court or board the power to set aside or to modify a judicial decision or other made by it after rights have lawfully been acquired thereunder, unless authorized so to do by express statutory provision. . . . The same is the case after an appeal has been allowed, or where some special statutory power is exercised, the time and mode of the exercise thereof being prescribed by statute. Where the previous action of the board is in the nature of a contract which has been accepted by the other party, or on the faith of which the latter has acted, it cannot be rescinded by the board without the consent of the other party. Conversely, where the proposition has not been accepted or acted on by the other party, the board may restrict or rescind its action. In the absence of express statutory authority, a county board cannot review or reverse the act of a prior board performed within the scope of authority conferred by law. A county board or court may, however, at the term or session at which an order is made, revise or rescind it, provided this is done before any rights accrue thereunder, but ordinarily they have no power to do such act subsequent to such term or session.''

In State v. Morgan, 144 Mo. App. l. c. 40, it is said: "The rule is well settled that a county court may revise or rescind an order at the term or session at which such order is made *provided this be done before any rights* have accrued under the order." (Italics ours.)

Section 11002 contemplates that the sheriff himself will furnish the board for the prisoners under his care in the county jail. But the proviso that he shall not contract for the furnishing of such board for a price less than that fixed by the county court recognizes the fact that he may lawfully contract with others to furnish such board, the only limitation thereon being that he shall not be permitted to profit thereby. Sections 11002 and 11003 require provision to be made for the future, to-wit, the ensuing year, and common fairness requires that the county court shall not be permitted, through mere caprice or even while acting under entirely proper motives, to change its order to the detriment of the sheriff. Certainly, if respondent had elected to contract with a third person for the board of prisoners for the ensuing year on the price fixed in the order of December 1, 1922, it would constitute a grievous wrong to permit the county court to change its order.

It is probable that, in the exercise of proper business foresight and sagacity, any sheriff boarding prisoners himself would make annual or other term contracts with butchers, grocers and others for furnishing provisions, etc., on the basis of the price fixed by the county court prior to January first. In any event, respondent clearly had the right so to contract. It was admitted that the aggregate board furnished to prisoners by the respondent during 1923 amounted to a total of 9678 days. This equalled a daily average of over twenty-six prisoners. Substantial saving could undoubtedly be made in buying provisions for such a number by making contracts for definite periods, not longer than the year for which the price was fixed. The respondent, therefore, acquired a property right in the order of December 1, 1922, which

the county court could not arbitrarily destroy. In fact, he acted under that order for sixteen days and there was performance by him to that extent. By such order his rights became fixed.

The same rule of law which protects the sheriff from having his fees for boarding prisoners cut after January first protects the county from having such fees raised after January first by a new county court which might be inclined to favor the sheriff.

The cases cited by appellant go to the power of courts of record generally to set aside their orders made at the same term of court. None of them touch the question of the power of the county court, after the time fixed by statute has passed, to set aside an order, required by the statute to be made within dates explicitly fixed.

We have concluded that the judgment below was for the right party and it is accordingly affirmed. All concur, except *James T. Blair, J.,* not sitting, and *Walker, J.,* absent.