HARRY J. MEAD, Appellant, v. JASPER COUNTY.—18 S. W. (2d) 464.

Division Two, June 4, 1929.

1192

*James P. Mead* and *Joseph D. Perkins* for appellant.

*Howard Gray* for respondent

COOLEY, C.—Appeal by plaintiff from a judgment of the Jasper County Circuit Court in favor of defendant.

Appellant, who was sheriff of Jasper County during the year 1924, brought suit in the circuit court against the county to recover a balance which he claimed was due him for boarding prisoners in his charge during that year.

The petition is in two counts, each for the same sum, viz., $2212.80, being the difference between the amount actually paid plaintiff by the county and the amount he claims he was entitled to receive for the calendar year 1924. The first count proceeds upon the theory that plaintiff's compensation for boarding prisoners was fixed at seventy-five cents per day per prisoner by an order made by the county court at its November term and on December 1, 1922, for the ensuing year, 1923, and duly certified to the clerk of the circuit court as provided by statute, and that no valid order was thereafter made in the premises by the county court and that the order of December 1, 1922, therefore, continued operative for the year 1924. The second count seeks recovery on the ground that the county is liable to plaintiff for the reasonable charge or value of keeping and boarding the prisoners confined in jail on criminal charges, which is alleged to be seventy-five cents per day per prisoner.

The answer admits plaintiff's official capacity, the making of the order of December 1, 1922, and that plaintiff boarded prisoners dur-

ing the year 1924 as listed and for the aggregate number of days alleged in the petition. Further answering, defendant pleads that the county court made an order on January ——, 1924 (the evidence shows this order was made January 5, 1924), fixing the compensation of the sheriff for boarding prisoners for the calendar year 1924, which was duly certified to the circuit court, and has paid plaintiff the full amount due him at the price fixed in that order. It further pleads estoppel, in substance this: That at its November term, 1923, the county court was about to make an order fixing plaintiff's compensation for 1924, and at the request of plaintiff through one of his deputies, postponed the making of the order until plaintiff could be present, which time was the day in January when the order was made; by reason whereof it is alleged plaintiff is estopped to question the validity of the order.

Plaintiff by reply denies the validity of the order last mentioned and denies generally the new matter in the answer.

The case was tried to the court without a jury. At the close of all the evidence the court gave declarations of law to the effect that plaintiff was not entitled to recover under either count of his petition and rendered judgment for defendant, from which plaintiff appealed.

The facts in evidence are practically undisputed. Plaintiff, who was sheriff from January 1, 1921, to December 31, 1924, received seventy-five cents per day per prisoner for boarding prisoners during the calendar year 1923, as per the order made for that year on December 1, 1922. No order was made at the November term, 1923, prior to January 1, 1924, but on January 5, 1924, presumably a day of the November term, 1923, although that is not shown, the court did make an order which was certified to the circuit clerk, fixing the allowance to the sheriff for boarding prisoners for the calendar year 1924 at forty-five cents per day per prisoner. By way of explanation of the delay in making this order it appears that the court contemplated making it on a day in December, but postponed action because the sheriff was away that day and the court wished to give him an opportunity to be present when the order was made. There is evidence that one of the sheriff's deputies requested the court to postpone its action. Plaintiff's evidence tended to show that no such request was made by him or by his authority, and that he was not notified that the court intended to make an order in December, although he admits he expected them to do so.

It is not necessary to consider the evidence on that subject further than to say that in our opinion it does not sustain defendant's plea of estoppel, and from the trial court's rulings on requested declarations of law we gather that he did not give his peremptory declarations on that ground. There was no evidence tending to show that

the county court, in delaying the making of the order until January 5 or in fixing the amount of the allowance, acted capriciously or from any improper motive, or that the sheriff incurred any obligation or liability relying upon a continuance in operation of the order of December 1, 1922. It seems to be conceded that plaintiff has been paid in full if the price fixed by the order of January 5, 1924, governs. The plaintiff testified that seventy-five cents per day per prisoner was a reasonable charge for furnishing board.

Plaintiff's cause of action is based upon the proposition that the order of the county court made January 5, 1924, is invalid because the court had no authority to make same after December 31, 1923,' and that therefore either the order of December 1, 1922, continued to govern for 1924, entitling him to recover on his first count, or else that, absent any valid order, he was entitled to recover the reasonable value of the board furnished as sued for in the second count. Defendant contends that the order of January 5, 1924, was valid and further that in any event plaintiff could not recover unless the county court first fixed his compensation, and that in case the court failed to act in the premises he might have compelled such action by mandamus.

The first question for determination is whether or not the order of the county court made January 5, 1924, was valid. If it was, the trial court's action was right and we need not consider other questions raised.

The Legislature has appropriately committed to county courts the right and duty of fixing the compensation to be paid to sheriffs for furnishing board to prisoners in their charge. The applicable provisions of the statute are sections 11002 and 11003, Revised Statutes 1919. Section 11002 provides that sheriffs and other officers shall be allowed for furnishing such board such sum, not exceeding seventy-five cents per day for each prisoner, as may be fixed by the county court. Section 11003 provides that it shall be the duty of the county court at the November term thereof in each year to make an order of record fixing the fee for furnishing such board for one year commencing on the first day of January next thereafter. While not specifically so stating, the statute manifestly is intended to provide that the order be made prior to January 1, because the order is directed to be for one year commencing on the first day of January following. No provision is made as to what result shall follow if the court fails to act prior to January 1.

The rule of construction of statutes of this character is well stated in a very early decision of this court, St. Louis County v. Sparks, 10 Mo. 117, 45 Am. Dec. 355, thus:

"It is a rule of construction, that a statute specifying a time within which a public officer is to perform an official act regarding the

rights and duties of others, is directory merely, unless the nature of the act to be performed, or the phraseology of the statute is such, that the designation of time must be considered as a limitation of the power of the officers.'' [Citing cases.]

The rule is stated in substantially the same language in 36 Cyc. 1160, and in People v. Cooke, 14 Barb. (N. Y.) 259, another early case often cited approvingly. In the Matter of Clark, 168 N. Y. 427, 1. c. 435, 61 N. E. 769, the court quotes the same rule, apparently from Sutherland on Statutory Construction, section 448, and in the quotation it is stated that the cases universally so hold. For a similar statement of the rule see 25 Ruling Case Law, page 769, section 16. The Sparks case was approved and the rule therein stated applied by this court en banc in State ex inf. v. Lamar, 291 S. W. 457. In State ex rel. v. Bird et al. (Mo.), 244 S. W. 938, State v. Cooke, supra, announcing the same rule, was cited with .approval and the rule was applied.

The rule of construction above stated is consonant with reason and has been uniformly so recognized in this State. For other instances of its application see cases cited in State ex rel. v. Lamar, supra. We think it applies to the statute under consideration.

As stated above, the right and duty of fixing the sheriff's compensation for boarding prisoners has been by these statutes lodged in the county court, and appropriately so. The prices of provisions fluctuate and they may change materially from year to year. The sheriff's allowance for boarding prisoners is therefore required by statute to be fixed yearly and for periods of one year only. The county court has charge of the business and financial affairs of the county generally and the members of that body are familiar, or can readily familiarize themselves with local prices and conditions. The taxpayers as well as the sheriff are entitled to the benefit of the county court's judgment and official action in the matter. The duty imposed by the statute concerns the public interests. It should be performed at the time designated in the statute, as should all duties imposed upon officials, for the prompt and orderly administration of affairs. But for one reason or another it will sometimes happen that official duties are not performed in the precise manner, or within the precise time, prescribed by the law imposing them. The legislature must have understood that such failure might occur sometimes in the performance of the duty enjoined by the statute in question. Affirmative language only is used in the statutes, imposing the duty but making no provision for doing the thing required to be done in any other manner or by any other person or body in case the court should not act within the exact time designated. There is no language used in the statute that in terms limits the power or

jurisdiction of the county court to the precise time therein specified. Taking into consideration the language and the purpose of the statute, the nature of the duty imposed and the functions and duties of county courts in the management of the business and finances of the county, it seems to us clear that the county court's jurisdiction to make an order such as the one in question is not conditioned upon its being exercised within the precise time named in the statute and was not lost by the few days delay shown in this case.

If, after the time designated by statute and before the actual making of the order, rights had in some way become fixed which would be disturbed by enforcement of the order, we might have a different question with which to deal. But such question is not here. There is no showing that the sheriff was or could have been prejudiced because of the order not being made until January 5, 1924, instead of, for instance, on December 31, 1923, when he admits it could have been lawfully made. He knew that the last previous order, that of December 1, 1922, was for one year only and that by its terms as well as by the law it expired December 31, 1923. He knew that up to December 31, 1923, no order was yet made for 1924, though he, testified that he expected one to be made. He could not then reasonably have contracted obligations for 1924, relying on an order of court or upon the few days delay in the making of the order shown. And he does not claim that he did so.

Plaintiff relies for reversal chiefly upon Mead v. Jasper County, 305 Mo. 476, 266 S. W. 467. That was an action by this plaintiff against the same defendant for balance due for boarding prisoners for the year 1923, in which plaintiff prevailed. But the facts were essentially different. Briefly, the county court had made the order of December 1, 1922, hereinabove referred to, fixing the sheriff's compensation for boarding prisoners for the year from January 1, 1923, to and including December 31, 1923, at seventy-five cents per day per prisoner. It was conceded that the order was timely made and valid. At the same term, but on January 16, 1923, the newly elected county court, whose members had taken office on January 1, made and entered an order of record setting aside the order of December 1, 1922, and fixing the sheriff's compensation at sixty-five cents per day per prisoner. This court affirmed plaintiff's judgment for the balance due him according to the order made December 1, 1922, not on the theory that the county court had lost jurisdiction by failure to act prior to January 1, which was not in the case and was not considered, but on the theory that that body had acted and had made a valid order and had thereby exhausted its jurisdiction for that year and could not thereafter set aside the order, particularly if rights had become fixed thereby for the ensuing year. The court said that plaintiff had acted upon the order for sixteen days

and there was performance by him to that extent, and that in the exercise of business foresight he might have made arrangements for provisions as he had a right to do in reliance upon the order, and that his rights became fixed by the order .and he acquired a, property right therein. The case is not authority for the contention in this case that the court lost jurisdiction to act merely because such action was not taken prior to January 1, 1924.

Plaintiff also cites Givens v. Daviess Co., 107 Mo. 603, 17 S. W. 998; Ewing v. Vernon Co., 216 Mo. 681, 116 S. W. 518, and Hark-reader v. Vernon County, 216 Mo. 696, 116 S. W. 523, as sustaining his position.

The Givens case was a suit by a county treasurer. The treasurer had served a two-year term immediately preceding the term for which the pay was in dispute and had been paid at the rate of $1500 per year. The then statute provided that the county court should' allow the treasurer such compensation as might be deemed just and reasonable. No order of record fixing the treasurer's salary had been made. After the treasurer's second term began the Legislature changed the statute so as to make the term end April 1 instead of in January, as theretofore, and the controversy was as to whether the $3,000 tendered by the county court should pay in full for the extended term or only for two years. This court held that the county court's action in previously fixing an annual salary of $1500 for the office, whether by paying that amount to former incumbents or by general order, had the effect of attaching that salary to the of-fice, so that when Givens was elected to the office for the second term he took as an incident thereto that salary, which could not be diminished without notice to him. We do not see the applicability of the Givens case. The treasurer's salary was not required to be fixed year by year. Once established it remained fixed as an incident to the office according to that decision until changed by the court. The sheriff's allowance for boarding prisoners is required to be fixed yearly and specifically for only one year at a time and had been so fixed in this instance.

The Ewing and Harkreader cases are alike, the former being a suit by a recorder to recover money paid for janitor service and stamps for his office and the latter a suit by a sheriff for money paid out by him for janitor service and for lights and water in the jail building. Both officers were held entitled to reimbursement for the moneys so expended, because, though there was no statute expressly so providing, it was held nevertheless to be the duty of the county to furnish such necessary things as janitor service and supplies for the offices required to be kept, and that if the county did not do so the officer might provide those things and compel the county to re-imburse him. If there were no statute governing the compensation

of sheriffs for boarding prisoners, or if we held that the county court had no power to act except it did so before January 1, the reasoning of the Ewing and Harkreader cases might be applicable on the theory that the recovery sought is in effect reimbursement for money paid in discharge of an obligation resting primarily upon the county and which its neglect had forced the sheriff to pay, rather than as com-) pensation to the officer for performance of official duties for which he can recover only such compensation as may be provided by statute. But we need not pursue that thought, since the matter in hand is governed by statute and we hold the county court had not lost juris-diction to act. The two last mentioned cases, therefore, are not pertinent.

We have examined the other cases cited in appellant's brief, but find none of them in point on the proposition under discussion. It is unnecessary to discuss other points in briefs of counsel. Having reached the conclusion that the county court's order of January 5, 1924, was valid and it being conceded that plaintiff has received all he was entitled to receive under the terms of that order, it necessarily follows that the judgment of the lower court must be and is affirmed. *Davis* and *Henwood, CC.,* concur.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All of the judges concur.