The Honorable James L. Mathewson Senator, District 21 State Capitol Building, Room 326 Jefferson City, Missouri 65101
Dear Senator Mathewson
This opinion is in response to your questions asking:
 A. Is interest earned on the monies in the special fund required by 455.205.3, to be retained in the fund?
 B. May counties "borrow" monies from the special fund created pursuant to 455.205.3 for uses other than by domestic violence shelters?
 C. Pursuant to 455.215.3, may a designated authority make per diem payments to domestic violence shelters at times other than January 1 or July 1 of a year?
Sections 455.200 to 455.230, RSMo 1986, provide for funding for shelters for victims of domestic violence. Section 455.205, RSMo 1986, establishes a fee to be used to fund shelters for victims of domestic violence. This section provides:
 455.205. Funding shelters — fees for marriage licenses and decrees of dissolution of marriage, how established, amount — reports. — 1. The governing body of any county, or of any city not within a county, by order of ordinance may impose a fee upon the issuance of a marriage license and may impose a fee upon the entry of a decree of dissolution of marriage by a circuit court under the provisions of section 452.305, RSMo.
 2. The fee imposed upon the issuance of a marriage license shall be five dollars, shall be paid by the person applying for the license, and shall be collected by the recorder of deeds at the time the license is issued. The fee imposed upon the entry of a decree of dissolution of marriage shall be ten dollars, shall be paid by the party who filed the petition, and shall be collected by the clerk of the court as other costs of the proceedings are collected.
 3. At the end of each month, the recorder of deeds and the clerk of the circuit court shall file a verified report with the county court of the fees collected pursuant to the provisions of subsection 2 of this section. The report may be consolidated with the monthly report of other fees collected by such officers. Upon the filing of the reports the recorder of deeds and the clerk of the circuit shall forthwith pay over to the county treasurer all fees collected pursuant to subsection 2 of this section. The county treasurer shall deposit all such fees in a special fund to be expended only to provide financial assistance to shelters for victims of domestic violence as provided in sections 455.200 to 455.230.
A designated authority is defined in Section 455.200(1), RSMo 1986:
 455.200. Definitions. — As used in sections 455.200 to 455.230, unless the context clearly requires otherwise, the following words and phrases mean:
 (1) "Designated authority", the board, commission, agency, or other body designated under the provisions of section 455.210 as the authority to administer the allocation and distribution of funds to shelters;
* * *
Pursuant to Section 455.210, RSMo 1986, the governing body of the county or city not within a county "shall designate in the order or ordinance imposing the fees, as provided in section455.205, an appropriate board, commission, agency or other body of the county, or city, as the authority to administer the allocation and distribution of the funds to shelters for victims of domestic violence in the manner provided in sections 455.200
to 455.230. . . ."
Sections 455.215 and 455.220, RSMo 1986, explain the requirements for applying and qualifying for funds.
 455.215. Applications for shelter funding, contents, when filed — payments from fund made when. — 1. A shelter for victims of domestic violence may apply to the designated authority for funds to be used for the funding of the shelter. All applications shall be submitted by the first day of October of the year preceding the calendar year for which the funding is desired, and shall include all of the following:
 (1) Evidence that the shelter is incorporated in this state as a nonprofit corporation;
 (2) A list of the directors of the corporation, and a list of the trustees of the shelter if different;
 (3) The proposed budget of the shelter for the following calendar year;
 (4) A summary of the services proposed to be offered in the following calendar year;
 (5) An estimate of the number of persons to be served during the following calendar year.
 2. Upon receipt of an application for funds from a shelter that meets the criteria set forth in section 455.220, the designated authority, on or before the fifteenth day of November of the year in which the application is filed, shall notify the shelter, in writing, whether it is eligible to receive funds, and if the shelter is eligible, specify the amount available for that shelter from the fees collected pursuant to section 455.205.
 3. Funds allocated to shelters pursuant to this section shall be paid to the shelters twice annually, on the first day of January and the first day of July of the years following the year in which the application is filed.
 455.220. Requirements for shelter to qualify for funds. — 1. To qualify for funds allocated and distributed pursuant to section 455.215 a shelter shall meet all of the following requirements:
 (1) Be incorporated in the state as a nonprofit corporation;
 (2) Have trustees who represent the racial, ethnic and socioeconomic diversity of the community to be served, at least one of whom must possess personal experience in confronting or mitigating the problems of domestic violence;
 (3) Receive at least twenty-five percent of its funds from sources other than funds distributed pursuant to section 455.215. These other sources may be public or private and may include contributions of goods or services, including materials, commodities, transportation, office space or other types of facilities or personal services;
 (4) Provide residential service or facilities for children when accompanied by a parent, guardian, or custodian who is a victim of domestic violence and who is receiving temporary residential service at the shelter;
 (5) Require persons employed by or volunteering services to the shelter to maintain the confidentiality of any information that would identify individuals served by the shelter.
 2. A shelter does not qualify for funds if it discriminates in its admissions or provision of services on the basis of race, religion, color, age, marital status, national origin, or ancestry.
Shelters receiving funds are required by Section 455.230, RSMo 1986, to file an annual report with the designated authority.
 455.230. Annual reports by shelters, contents — confidentiality. — 1. A shelter for victims of domestic violence that receives funds pursuant to sections 455.200
to 455.230 shall file an annual report with the designated authority of the county, or of the city not within a county, in which it is located, on or before the thirty-first day of March of the year following the year in which funds were received. The annual report shall include statistics on the number of persons served by the shelter, the relationship of the victim of domestic violence to the abuser, the number of referrals made for medical, psychological, financial, educational, vocational, child care services or legal services, and shall include the results of an independent audit. No information contained in the report shall identify any person served by the shelter or enable any person to determine the identity of any such person.
 2. The designated authority shall compile the reports filed pursuant to subsection 1 of this section annually.
Your first question asks whether interest earned on the monies in the special fund required by Section 455.205.3, RSMo 1986, must be retained in the fund. In Attorney General Opinion No. 108, Busker, 1981, a copy of which is enclosed, we concluded that interest collected on a county assessment fund goes into that fund, not to county general revenue. We stated: "It is our view that the holding of the court in State ex rel. FortZumwalt School District v. Dickherber, 576 S.W.2d 532 (Mo. banc 1979), is applicable here. In that case the court stated the general principle that the interest on public funds designated for a specific purpose follows those funds in the absence of an unequivocable legislative expression otherwise." See also
Attorney General Opinion Letter No. 126, Antonio, 1981, and Opinion No. 171, Antonio, 1980. A copy of each is enclosed. Based on the discussion in the foregoing opinions and the case cited above, we conclude that interest earned on the monies in the special fund required by Section 455.205.3, RSMo 1986, remains with the fund.
You next ask whether counties may "borrow" from the fund for uses other than by domestic violence shelters. Section455.205.3, RSMo 1986, expressly states: "The county treasurer shall deposit all such fees in a special fund to be expendedonly to provide financial assistance to shelters for victims ofdomestic violence." [Emphasis added.] There is no statutory authorization for the county to use such funds for any other purpose or to borrow from the fund for other purposes.
Your final question asks whether a designated authority may make "per diem payments" to shelters at times other than January 1 or July 1 of a year. Section 455.215.3, RSMo 1986, states: "Funds allocated to shelters pursuant to this section shall be paid to the shelters twice annually, on the first day of January and the first day of July of the years following the year in which the application is filed." It is a long-standing rule of statutory construction that a statute specifying a time within which a public officer is to perform an official act regarding the rights and duties of others is merely directory and not mandatory, unless the nature of the act to be performed or the phraseology of the statute is such, that the designation of time must be considered as a limitation of the power of the officer. Mead v. Jasper County, 322 Mo. 1191, 18 S.W.2d 464,465 (1929); State ex rel. Sisson v. Felker, 336 S.W.2d 419,421 (Spr. App. 1960). Under the foregoing rule of statutory construction, the language of Section 455.215.3, RSMo 1986, indicates the times specified for payment are directory and not mandatory. Therefore, payments may be made to shelters at times other than January 1 or July 1.
CONCLUSION
It is the opinion of this office that: (1) interest earned on the monies in the special fund required by Section 455.205.3, RSMo 1986, remains with the fund; (2) counties may not use monies in the special fund required by Section 455.205.3, RSMo 1986, for purposes other than domestic violence shelters and may not borrow from the fund for other purposes; and (3) the provision in Section 455.215.3, RSMo 1986, identifying January 1 and July 1 as the dates for a designated authority to make payments to a shelter is directory, not mandatory.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 108, Busker, 1981 Opinion Letter No. 126, Antonio, 1981 Opinion No. 171, Antonio, 1980