THE STATE EX INF. NORTH TODD GENTRY, Attorney-General, v. KIRBY LAMAR ET AL.—291 S. W. 457.

Court en Banc, February 15, 1927.

1 **CONSOLIDATED SCHOOL: Call Thirty-one Days After Petition Filed: Directory Statute.** A statute specifying the time within which a public officer is to perform an official act is directory merely, unless the nature of the act to be performed, or the phraseology of the statute is such, that the designation of the time must be considered a limitation upon his power. In determining whether it is directory or mandatory the purposes intended by the Legislature to be accomplished by the requirement must always be taken into consideration. The statute (Sec. 11259, R. S. 1919), as amended, Laws 1921, p. 654) directing the county superintendent to call an election within thirty days after there is filed with him a proper petition praying that an election be called to vote on the question of forming a consolidated school district, is directory, and not mandatory. So that where a proper petition was filed with him on March 15th, and he called a special election on April 15th, to be held on April 30th, and the notices and plat were sufficient in number, form and substance and the fifteen days' notice required by the statute was thereby given, and the election was regular in all respects, and the number of votes cast resulted in a full expression of the voters of the proposed district, all that the Legislature intended to be accomplished by the requirement was accomplished, and while the call should have been made on or before April 14th, the delay of one day beyond the thirty-day limit did not invalidate the election.

2. ———: **Fifty Square Miles or Two Hundred Children: Alternative.** The language of Section 11258, Laws 1925, page 331, declaring that "no consolidated district shall be formed under the provisions of this article unless it contains an area of fifty square miles or has an enumeration of at least two hundred children of school age," is to be construed as alternative requirements. It does not mean that the district must have fifty square miles of area and two hundred children of school age. The statutes relating to consolidated school districts from the beginning have prescribed only alternate conditions, either a designated area, or a designated number of children, and have been so construed by this court, and it cannot therefore be ruled that the Legislature in the amendatory Act of 1925 inadvertently used the word "or" instead of the word "and."

---

Corpus Juris-Cyc. References: **Schools and School Districts,** 35 Cyc., p. 840, n. 18; p. 850; n. 94. **Statutes,** 36 Cyc., p. 1160, n. 24.

*Quo Warranto.*

316 Mo.—46.

WRIT DENIED AND PROCEEDING DISMISSED.

*North Todd Gentry*, Attorney-General, for informant; Robert L. *Lamar*, of counsel.

(1) The posting of notices of special meeting for considering the question of consolidation by the County Superintendent as required by Sec. 11259, R. S. 1919, is jurisdictional. The authority of the County Superintendent in this respect is ministerial and mandatory, and the notices and plats must be posted in the manner and within the time prescribed by law. Sec. 11259, R. S. 1919; 35 Cyc. 838; State ex inf. Burges v. Potter, 191 S. W. 57; Perryman v. Bethune, 89 Mo. 158; Hopkins v. Railroad, 79 S. W. 98; McPike v. Penn. 51 Mo. 63; Stephens v. People, 89 Ill. 337; Haddax v. County, 69 Va. 677; Meachem on Public Officers, sec. 178; Beach on Public Corp. sec. 384; McCreary on Elections (3 Ed.) sec. 141; School Dist. v. Wallace, 75 Mo. 317; School District v. Pace, 87 S. W. 570; School Dist. v. School Dist., 94 Mo. 612; Mason v. Kennedy, 89 Mo. 23; State ex rel. v. Young, 84 Mo. 90; State ex rel. v. Eden, 54 Mo. App. 31. (2) It is proper in construing a statute in order to arrive at the true legislative intent to read it in the light of all other statutes *in pari materia*, whether prior or subsequent in date of passage. A statute should be construed also in the light of a uniform policy of the Legislature with reference to such subject. 35 Cyc. 1147; State ex rel. v. Davis, 284 S. W. 470. (a) The general policy of the Legislature in this State with reference to the organization of school districts, of all classes, is and always has been to fix a minimum requirement both as to enumeration and as to area or assessed valuation. Secs. 11199-11203, 11253, 11261, 11263, R. S. 1919. (b) The word "or" does not necessarily signify a disjunctive or alternative. Lewis' Sutherland on Stat. Const. (2 Ed.) par. 377, 380, 397; United States v. Fiske, 70 U. S. 445; Witherspoon v. Jernigan, 76 S. W. 445. (c) In construing statutes the fundamental rule to be observed is to ascertain and give effect to the purpose of the Legislature. Under that rule the court may reject the words and figures when necessary to give effect to the manifest intention of the framers of the statute. Mere verbal inaccuracies, or clerical errors in statutes in the use of words, or numbers, or in grammar, spelling or punctuation, will be corrected by the court whenever necessary to carry out the intention of the Legislature as gathered from the entire act. State ex rel. School Dist. v. Hackmann, 258 S. W. 1011. (d) Where a statute is prohibitory in its nature and forbids the doing of a certain act unless certain conditions precedent are complied with, such conditons are concurrent, and if through loose or inaccurate phraseology they are connected by the word "or" the word "or" should

be read "nor" or "and" unless the clear, unmistakable and unequivocal intention of the Legislature is otherwise. United States v. Fiske, 70 U. S. 445; Lewis' Sutherland on Stat. Const. (2 Ed.) pars. 377, 380, 397; Rice v. Ashland County, 108 Wis. 189; Witherspoon v. Jernigan, 76 S. W. 445; Maylone v. St. Paul, 42 N. W. 88; Weston v. Layhed, 14 N. W. 892; Murray v. Keyes, 36 Pa. 384; Foster v. Commonwealth, 8 Watts & S. 77; Canne v. Railroad, 23 N. W. 856; McConkey v. Superior Ct., 56 Cal. 83; Standard Co. v. Atty. Gen., 46 N. J. Eq. 270.

*Hiett, Lamar & Covert* for respondents.

(1) The fact that the County Superintendent did not post the plats and notices within thirty days after the filing of the petition does not invalidate the election. St. Louis Co. Court v. Sparks, 10 Mo. 117; State ex rel. v. Cloud, 192 Mo. App. 322; Sanders v. Lacks, 142 Mo. 255; State v. Swearingen, 128 Mo. App. 613; Ex parte Leach, 149 Mo. App. 329; Bowers v. Smith, 111 Mo. 61; State ex rel. v. Hackman, 273 Mo. 701; Horsefall v. School Dist., 143 Mo. App. 545; Bauch v. Cabool, 165 Mo. App. 494; Molyneaux v. Molyneaux, 106 N. W. 370; Munn v. School Dist., 82 N. W. 325; State ex rel. v. Burford, 82 Mo. App. 343; State ex rel. Moulton v. School Dist., 192 N. W. 6. (2) In organizing consolidated school districts only a substantial compliance with the statute is necessary. State ex inf. McDowell v. Thompson, 260 S. W. 84; State ex rel. v. Stouffe, 197 S. W. 249; State ex rel. v. Bird, 295 Mo. 344; State ex rel. v. Jones, 266 Mo. 191; State ex rel. Fleenor v. School Dist., 238 S. W. 819; State ex rel. v. Job, 205 Mo. 34; State ex rel. v. Brooks, 249 S. W. 73. (3) The word "or" is ordinarily employed to indicate an alternative, as one or the other, but not both of two or more things. The word corresponds with either, as either "this or that;" that is to say, either one thing or another thing. State v. Combs, 273 S. W. 1039; Kach v. Fox, 75 N. Y. Supp. 916; Sheppard v. New Orleans, 25 So. 544; Webster's Dictionary. (4) Where there is no ambiguity in the words or the statute there is no room for construction. Trefny v. Eichenseer, 262 Mo. 442; 36 Cyc. 1114; State ex rel. v. Wilder, 206 Mo. 549. (5) Sections 11199, 11200, 11201, 11203, 11253, 11261 and 11263, R. S. 1919, cited by the relator in his brief, do not apply to a consolidated district organized under the provisions of the Act of 1913, as amended in 1921, Laws of 1921, page 654, but apply to common school districts and other consolidated school districts organized under other provisions of the school law. State ex inf. v. Schuster, 285 Mo. 411; State ex inf. v. Scott, 264 S. W. 371. (6) The Act of 1913, as amended in 1925, is a later expression of the legislative will than are the sections

referred to in the above paragraph by the relator, and it by implication repeals all the provisions of the school law inconsistent with it. State ex inf. v. Scott, 264 S. W. 371; State ex rel. v. Wells, 210 Mo. 620; 36 Cyc. 1073. (7) The Act of 1913, pertinent to the matter in question, was construed by this court in: State ex inf. v. Clardy, 267 Mo. 371; State ex rel. v. Long, 204 S. W. 914. And by the Springfield Court of Appeals in the recent case of State v. Ross, 286 S. W. 726. (8) The Clardy case was decided in 1915. The Long case in 1918, and in 1925 the Legislature repealed the Act of 1913, Sec. 11258, R. S. 1919, and enacted a new section, to-wit: Sec. 11258, Laws 1925, page 330. At the time the Legislature passed the Act of 1925 it knew the construction put on said section by the Supreme Court and enacted it in the same words as was in the Act of 1913, so far as this controversy is concerned. When the Supreme Court construes a statute and that statute is afterwards re-enacted or continued in force without any change in its terms, it is presumed that the Legislature adopted the construction given to it by the court. Handlin v. Morgan County, 57 Mo. 114; Camp v. Railroad, 94 Mo. App. 281.

GANTT, J.—Information in *quo warranto* filed in this court to oust respondents from office as directors of alleged Consolidated School District, designated as "Consolidated School District No. 1, of Texas County, Missouri." Respondents filed return.

The case is submitted on relator's motion for judgment on the pleadings. The validity of the organization of the district is questioned, and the facts determined from the pleadings are as follows:

The resident citizens of the community in which the city of Houston, in the County of Texas, is located, under authority of Section 11259, Revised Statutes 1919, as amended, Laws 1921, p. 654, filed on the 15th day of March, 1926, with the County Superintendent of Schools for said county, a petition, signed by at least twenty-five qualified voters of said community, praying for the formation of a consolidated school district in said community. The County Superintendent, on the 15th day of April, 1926, called a special meeting of all qualified voters of said community, to be held in the city of Houston, on the 30th day of April, 1926, at two o'clock P. M., to consider the question of consolidation. The special meeting was held at said time and place, the qualified voters of the proposed district voted on the question of consolidation, and the election resulted in the casting of 179 ballots for consolidation and the casting of 141 against consolidation. The respondents were duly elected directors of said district, possess the necessary qualifications, and within four days after their election duly qualified and organized by electing officers. All of the requirements of the statute for hold-

ing the election and organizing the district were literally complied with by the County Superintendent, except he did not post the notices and plats within the proposed district calling for a special meeting of all the qualified voters of the proposed district within thirty days after the filing of the petition. However, it is admitted that the voters of the proposed district were not misled or deceived on account of the failure of the County Superintendent to post the notices and plats within thirty days. And it is further admitted that the vote cast at said special meeting was much larger than the combined vote cast at the annual school meeting of all the territory included in the boundaries of said proposed district. The proposed district contained fifty square miles in area, but did not have an enumeration of two hundred children of school age, and did not include within its territory any town or city district at the time of its organization which had by the last enumeration five hundred children of school age.

By the pleadings and the briefs our attention is directed to two questions for solution.

I. The statute directs the County Superintendent to call the election within thirty days after the filing of the petition. [Sec. 11259, R. S. 1919; as amended, Laws 1921, p. 654.] He made the call on the 15th day of April. To comply with the statute he should have made the call not later than the 14th day of April, 1926. Relator contends this delinquency invalidates the election. Was this requirement mandatory or directory? In this case it is admitted the voters were given the fifteen days' notice required by the statute, the notices and plats posted were sufficient as to number, form and substance, the election was regular in all respects; and by the number of votes cast we know the election resulted in a full expression of the voters of the proposed district on the question submitted. This was all the Legislature intended to be accomplished by the act. Having thus concluded, we have answered the above question. The requirement is directory. It is made "with a view merely to the proper, orderly and prompt conduct of the business," and the Superintendent should have made the call within the thirty days, but his failure to do so does not, on this record, invalidate the election.

**Directory Statute.**

In an early case and on a similar question, we ruled as follows:

"It is a rule of construction, that a statute specifying a time within which a public officer is to perform an official act regarding the rights and duties of others, is directory merely, unless the nature of the act to be performed, or the phraseology of the statute is such, that the designation of time must be considered as a limitation of the power of the officer. [People v. Allen, 6 Wend.; Jackson v. Hooker,

5. Cowen, 269, 2 Mass. 230.]   There was nothing in the nature of the power of appointment showing that it might not be as effectually exercised after the first term of the court as before.   There is no prohibition that it shall not be exercised afterwards.   It would be strange if a statute specifying an early day at which an act must be done with a view to its speedy execution, should be [so] construed that the act could not be done at all after the day when the necessity for its performance is as great, if not greater, afterwards than before.   If the court had failed to make the appointment in the term time, the clerk could have made it; but clearly when the court convened again, the power of appointment in the clerk was suspended.'' [St. Louis County Court v. Sparks, 10 Mo. l. c. 122.]

We have uniformly adhered to this rule.   [Sanders v. Lacks, 142 Mo. 263; Bowers v. Smith, 111 Mo. l. c. 61; State ex rel. v. Hackman, 273 Mo. l. c. 670; State ex inf. v. Bird, 295 Mo. 351.]

Relator directs our attention to the case of School District v. Wallace, 75 Mo. App. 317.   The facts in that case are as follows: The qualified voters of two districts voted at the annual meeting (as then required by law) to consolidate.   Having so determined, the statute provided that the voters therein should, within fifteen days after the annual meeting, assemble in pursuance of notice therein required; and when so assembled, it was declared they should be invested with the same powers as prescribed for the first annual district-meeting held under the provisions of the law.   It was held that the provision requiring the voters to meet within fifteen days after the annual meeting and organize the district was mandatory for the reason that the organization within this time was necessary for the district to have the benefit of other sections of the statute necessary to its existence as a school district.   No such question is involved in the case at bar.   Other cases cited by relator only go to the extent of holding that the notices must be sufficient as to substance, and must be posted the length of time designated for the giving of notice to the voters of the time, place and purpose of holding the election. This contention is overruled.

II.   The next question involves the construction of Section 11258, Laws 1925, p. 331, which section is as follows:

''No consolidated district shall be formed under the provisions of this article unless it contains an area of fifty square miles or has an enumeration of at least two hundred children of school age. Provided, that no district formed under the provisions of this act shall include within its territory any town or city district that at the time of the formation of said consolidated district has by the last enumeration five hundred children of school age.''

Relator contends that the Legislature inadvertently used the word ''or'' between the word ''miles'' and the word ''has'' in the above

section. That is to say, the Legislature intended to use either the word *and* or *nor* between said words, and thereby provide that a consolidated district could not be formed unless it contained both the area of fifty square miles and an enumeration of two hundred children of school age. We find this requirement to have been written in the alternative from the beginning. [Sec. 2, Laws 1913, p. 722.] The Act of 1913 was construed by this court in an opinion by RAILEY, C., in the case of State ex inf. v. Clardy, 267 Mo. 371. In that case the evidence showed sufficient area, but did not show that the territory contained two hundred children of school age. The requirement was there treated as being in the alternative, and the question was called to the attention of the court by BROWN, C., in his dissenting opinion, in which he held to the view that Section 2, Laws 1913, p. 772, required an enumeration of two hundred children as a condition of organization. The question was again before this court in the case of State ex rel. v. Long, 204 S. W. l. c. 917, and it was ruled that this requirement was in the alternative; that if the proposed district had either the area or the number of children required, it was sufficient to authorize the consolidation. The Clardy case was decided in 1915, the Long case in 1918; and in 1925 the Legislature repealed Section 2, Laws 1913, p. 722, then Section 11258, Revised Statutes 1919, and enacted a new section—Section 11258, Laws 1925, p. 331—in which an area of fifty square miles was required instead of twelve square miles. In this amended section the requirement as to area and children was written in the alternative. The Legislature knew this court had from the beginning held said requirement to be in the alternative, and with this knowledge it used the word ''or'' in the amended section as it used the word in the Act of 1913. From this we conclude the Legislature intended this requirement to be in the alternative. Relator insists that the general policy of the Legislature with reference to the organization of school districts of all classes is and always has been to fix a minimum requirement both as to enumeration and as to area or assessed valuation. We are cited to numerous sections of the statute dealing with the organization of school districts. We have held that the sections cited do not apply to a consolidation under the Act of 1913 and its amendments. [State ex inf. Bothwell v. Schuster, 285 Mo. 399; State ex inf. v. Scott, 264 S. W. 369.] This contention is overruled.

It follows the writ should be denied and this proceeding should be dismissed. It is so ordered. All concur, except *Graves, J.*, absent.