### Harrod v. Hatcher, Secretary of State.

Feb. 13, 1940.

James B. Milliken and John M. Bull, Jr., for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

Section 256 of the Constitution of Kentucky prescribes the manner in which the Constitution may be amended or revised. The first part of that section provides that proposed amendments shall be agreed to by three-fifths of all the members elected to each house of the General Assembly. Immediately following that language is this provision:

"Then such proposed amendment or amendments shall be submitted to the voters of the state for their ratification or rejection at the next general election for members of the House of Representatives * * *."

By chapter 20, page 201, and chapter 121, page 628, of the Acts of 1938, the General Assembly of that year duly proposed two constitutional amendments for submission to the vote of the people. Those amendments should, in the ordinary course of events, have been submitted to a vote of the people at the general election held in November, 1939, which was the next general election for members of the House of Representatives occurring after the 1938 Legislature. Section 257 of the Constitution provides that before an amendment shall be submitted to a vote the Secretary of State shall cause the proposed amendment and the time that it is to be voted upon to be publishd in such manner as may be provided by law at least 90 days before the vote is to be taken.

The former secretary of State failed to advertise the proposed amendments more than 90 days before the 1939 general election. He was preparing to advertise them for a less period than 90 days when an injunction was secured prohibiting him from doing so. The action of the trial court in that case in enjoining the Secretary of State from causing the submission on the ballot for the November election, 1939, was affirmed in this court in the case of Arnett, Secretary of State et al. v. Sullivan, 279 Ky. 720, 132 S. W. (2d) 76, 78.

The present action was filed by the appellant, O. R. Harrod, as a taxpayer of the Commonwealth and the county of Franklin, against the present Secretary of State under the Declaratory Judgment Act praying that the amendment to the Constitution proposed by the 1938 General Assembly, by chapter 20 of the Acts of 1938, should be submitted to the people to be voted on at the regular November election, 1940, and that the Secretary of State be required to advertise the amendment according to law for the purpose of such submission. The trial court denied the relief sought and this appeal follows. We are thus faced with the single narrow question, namely: Is the above-quoted language of the Constitution requiring proposed amendments to be submitted to the voters "at the next general election for members of the house of representatives" after the passage of the submitting act mandatory or directory?

Judge Cooley in his work on constitutional limitations (7th Ed., page 113) drew a clear distinction between the rules of construction as to the statutes and the Constitution concerning whether provisions are mandatory or directory. With regard to the interpretation of the constitutional provisions, he said:

"But the courts tread upon very dangerous ground when they venture to apply the rules which distinguish directory and mandatory statutes to the provisions of a Constitution. Constitutions do not usually undertake to prescribe mere rules of proceeding, except when such rules are looked upon as essential to the thing to be done; and they must then be regarded in the light of limitations upon the power to be exercised  *  *  *.

"If directions are given respecting the times or modes of proceeding in which a power should be exercised, there is at least a strong presumption that the people designed it should be exercised in that time and mode only; and we impute to the people a want of due appreciation of the purpose and proper province of such an instrument, when we infer that such directions are given to any other end  *  *  *."

In Arnett v. Sullivan, supra, an exhaustive review of the authorities was entered into as to the correct theory of constitutional construction, that is, as to

whether or not constitutional provisions are mandatory or directory, and it was there said:

"with few exceptions, and only where the provision under consideration was of such a nature as to scarcely present the question, the rule is declared that constitutional provisions are mandatory and never directory."

The opinion in that case concluded by saying "constitutions should never be amended . * * * except in the manner pointed out in the constitution itself, since its provisions are always mandatory and never directory."

Possibly in some cases the failure of an official to perform an act which the Constitution requires him to perform will not relieve him from the subsequent performance of the act, but the failure of the Secretary of State properly to advertise the proposed amendments for the 1939 general election does not come within that class of cases. The conditions that influenced the General Assembly of 1938 in ordering the submission of this proposed amendment may have materially changed at this time.

Members of that Asembly who favored the submission of the amendments at the time prescribed by the Constitution might not have favored submission at a later time.

There can be no doubt that the members of the Constitutional Convention had a specific purpose in mind in requiring that the proposed amendments should be voted on at an election at which members of the House of Representatives were to be elected. If this were not so the language of the Constitution to that effect was an empty gesture. One of the reasons for placing the submission at such a time is obvious, namely, that candidates for the House of Representatives might declare their position with reference to the proposed amendments and be voted on by the people accordingly. If we may not assume the provision requiring the submission to be at an election for members of the House of Representatives to be an empty gesture, neither are we at liberty to assume that the framers of the Constitution did not mean it when they said the submission should be at the *next* election of this character. All of this goes back to the origi-

nal proposition enunciated that constitutional provisions are always mandatory and never directory. When the framers of the Constitution use language that is in no sense ambiguous, it is not a function of this court to construe that language as meaning something that the framers of the Constitution did not say, or to hold that while the Constitution says something definitely and unequivocally, no special importance is to be attached to its language.

The very recent case of Couch v. Commonwealth, ... Ky. ..., ... S. W. (2d) ..., decided February 2, 1940, illustrates clearly our attitude towards constitutional provisions with reference to matters of procedure. The Constitution requires all indictments to conclude against the peace and dignity of the Commonwealth. It was held that a paper purporting to be an indictment, which did not so conclude, was not in fact an indictment. There was no apparent or logical reason for the provision, but the Constitution requires it and it was not for us to say that the Constitution did not mean what it said. It was there argued that the failure of the Commonwealth's Attorney to incorporate an immaterial allegation in the indictment should not be permitted to nullify the prosecution. The same argument is advanced in the instant case—that the failure of the Secretary of State to perform his duty should not be permitted to defeat the right of the people to vote on the proposed amendments. It is a plausible argument, but one, if allowed to prevail, that would result in a gradual gnawing away of the Constitution.

We are unable to find but two cases in which the precise point involved was decided. In Looney v. Leeper, Secretary of State, 145 Okl. 202, 292 P. 365, the constitutional provision in question required the submission to be at the next regular general election after proposal by the Legislature. The proposed amendment was not submitted at the next regular general election and it was held by the Oklahoma court (a 6-3 decision), that it might be voted on at a later regular general election. The basis of the decision seems to have been that an omission or failure on the part of an officer to do his duty (taking the necessary steps to have the proposed amendment voted on at the proper time) should not be permitted to defeat the purpose of the people evidenced

by the action of the Legislature. We do not regard the reason assigned as a very sound one. The same reason was presented in Arnett v. Sullivan, supra, and pronounced as unsound by this court. It was likewise presented in McCreary, Governor, v. Speer, 156 Ky. 783, 162 S. W. 99, 104 and was answered in the following language:

"It is argued that this conclusion puts it in the power of an officer of the state to defeat the will of the people and prevent an amendment of the Constitution; but the Secretary of State is an officer created by the Constitution. The duty to publish the proposed amendment is a duty imposed by. the Constitution, and, when the Constitution has provided that it may only be amended when certain things have been done by the agencies it selects for that purpose, to amend the Constitution in any other way is to ignore its provisions."

In State v. Sessions, 87 Kan. 497, 124 P. 403, the same question was presented as in Looney v. Leeper, supra, and the Kansas court reached a different conclusion from that reached by the Oklahoma court. We regard the logic and reasoning of the Kansas court as sound and unanswerable. It would draw this opinion out to undue length to quote sufficiently from the opinion to show the reasoning used by that court, and we therefore refer the reader to that opinion rather than make an extensive quotation from it.

We reach the conclusion that the framers of the Constitution had a deliberate purpose both in providing that the submission of the proposed amendments should be at a general election at which members of the House of Representatives are to be elected, and in providing that it should be at the *next* general election for that purpose. This being true, we are not at liberty to construe that plain and definite language of the Constitution in such a manner as to thwart the deliberate purpose and intent of the framers of that instrument. The General Assembly of Kentucky is now in session and it may provide for a submission of this question at a time required by the Constitution if it regards this course as expedient.

Judgment affirmed.

The whole court sitting.