STATE ex rel. CONSOLIDATED SCHOOL DISTRICT No. 5 OF MACON COUNTY, MISSOURI, a Corporation, Relator, v. FORREST SMITH, State Auditor of Missouri.—No. 39260.—184 S. W. (2d) 452.

Court en Banc, January 4, 1945.

*R. Wilson Barrow, Nat M. Lacy* and *Walter C. Goodson* for relator.

*Roy McKittrick,* Attorney General, and *Vane C. Thurlo,* Assistant Attorney General, for respondent; *Waldo Edwards* and *D. L. Dempsey* of counsel.

LEEDY, J.—This is an original proceeding in mandamus to compel the State Auditor to register and certify Bond No. 1 of a series of building bonds, aggregating $55,000.00, issued by relator district, which claims to be a consolidated school district. The Auditor denied registration for the sole reason that the district was not legally organized. Such is the limited issue presented by this proceeding on the question of the right to registration, although other grounds, addressed to the court's discretion, are assigned by respondent for the refusal of the peremptory writ.

The facts are agreed. The new district contains an area of more than 50 square miles, and has an enumeration of at least 200 children of school age, and does not include any town or city district which had an enumeration of 500 school children of school age. It consists of territory which formerly comprised the whole of the following eight common school districts, and one town district of Macon County, to-wit: Palmyra No. 69; Valley No. 70; Jake Grove No. 95; Rose Hill No. 96; Manhart No. 98; Rogers No. 102; Prairie No. 103; Hammack No. 104, and the town district, New Cambria Special. All of said common school districts adjoined and abutted the New Cambria town district, except Rogers No. 102, Prairie No. 103 and Hammack No. 104.

The proceedings for the organization of the district were taken pursuant to, and in conformity with Secs. 10493-10500 R. S. '39 (hereinafter referred to as the general act), which proceedings, in brief outline, were as follows: Upon a petition signed by more than 25 qualified voters of the community consisting of the several school

districts hereinabove named, the County Superintendent of Schools visited said community, and investigated its needs and determined the exact boundaries of the proposed consolidated district, locating the same as in her judgment would form the best possible consolidated district, having due regard also as to the welfare of the adjoining districts; that said County Superintendent of Schools called a special meeting of all the qualified voters of the proposed consolidated district to be held at the New Cambria City Hall on April 18, 1944, for the purpose of considering the question of consolidation, which meeting was held upon the notice required by Sec. 10495; that at said meeting 291 votes were cast for the organization of the district, and 89 against, and the district was, accordingly, declared organized, and the meeting proceeded to elect six directors.

The regularity and validity of said proceedings are not to be questioned if the sections, supra, are the applicable statutes under the facts here in judgment. Respondent contends said sections do not apply, and that the matter is governed by Laws 1941, pp. 545, 546, providing that, "Adjacent city, town, or consolidated school districts, without limitations as to size or enrollment, or any one or more of the above mentioned districts and one or more adjacent common school districts may be organized into a consolidated school district for the purpose of maintaining elementary schools and high schools." The procedure prescribed by said 1941 Act differs from the general act in several particulars. It requires, among other things, that *separate* elections be held on the same day in *each* district of the proposed consolidation, the same to be called by the County Superintendent "on receipt of a petition signed by at least fifteen qualified voters from each district to be included in the proposed consolidation." The proposed consolidation is to be declared in effect "if the proposition received a majority of all votes cast in each district." The notice of election also differs.

Assuming that the components of the relator district, as they existed before the alleged consolidation, were adjacent districts and within the purview of the 1941 Act, we think it was not the legislative intent to provide thereby an exclusive method of consolidation *in instances such as at bar.* Before its enactment, a town or city district having an enumeration of 500 children of school age could not be included within a consolidated district, nor could a consolidated district be formed unless it contained an area of fifty square miles, and had an enumeration of at least 200 children of school age. [Sec. 10494 R. S. '39.] See, also, State ex rel. v. Smith, 337 Mo. 874, 86 S. W. (2d) 943. There is nothing in said act, either directly or by implication which denies the right of the County Superintendent, in fixing the boundaries of a proposed consolidated district, under the general act, to include only that territory comprising the whole of pre-existing

districts. This being true, and for the reasons above pointed out, we think the two acts can be harmonized, and both given effect.

There is some insistence that we should not grant the peremptory writ because of the pendency of a quo warranto proceeding in the circuit court against the directors of the relator district. Said proceeding was instituted May 3, 1944, whereas the proceeding at bar was not filed until August 14. The former was submitted in the circuit court on August 28, and on September 1, as appears from the agreed facts, the trial judge announced that he would withhold passing on the issues therein until this court determines the instant proceeding. The issues in the two proceedings are the same. The New Cambria school house has burned. The district is without adequate quarters. The bonds authorized are for the purpose of providing the same. Having concluded that the challenge of the validity of the district's organization is not tenable, and because of the urgency of the relator's situation in the respect just mentioned, it is ordered, in the exercise of the court's discretion, that the peremptory writ issue.

All concur except *Gantt, J.,* absent.