STATE OF MISSOURI, at the Relation of O. H. ACOM, W. N. HAWKINS, O. A. KNIGHT, B. T. OWENS, RAY DILLARD, and J. I. BURLESON, Constituting the Members of the Board of Directors of Wardell Consolidated School District No. 3, Pemiscot County, Missouri, (Relators) Appellants, v. FLOYD HAMLET, County Superintendent of Schools of Pemiscot County, Missouri, and JOE CAHOON, A. L. KIDWELL, HERB PRANGE, and C. C. CECIL, Constituting the Board of Arbitration to Settle School Boundary Line Dispute, Respondents, No. 43039—250 S. W. (2d) 495.

Division Two, July 14, 1952.

*Robert W. Hawkins, Jones & Jones, Langdon R. Jones* and *Robert H. Jones* for appellants.

*John M. Dalton* and *Harold B. Treasure* for respondents.

 WESTHUES, C.—Relators, appellants in this case, filed a petition in the Circuit Court of Pemiscot County, Missouri, wherein they asked the court to issue a writ of prohibition to enjoin the county superintendent of schools and four arbitrators from proceeding to consider a proposed change in the boundary of two school districts. The circuit court dismissed the petition and relators appealed to the Springfield Court of Appeals. That court reversed the judgment of the circuit court with one of the judges dissenting. The case was then transferred to this court.

The question presented in this case involves the interpretation of part 1. of Section 165.170, RSMo 1949, VAMS. It will be necessary to relate the history of events in the order in which they occurred. The two school districts involved are the Peach Orchard Common School District No. 50 and the Wardell Consolidated School District No. 3. Both districts are located in Pemiscot County, Missouri. In this opinion we shall refer to the districts as Peach Orchard and Wardell. The Peach Orchard District desired to annex a portion of the Wardell District and at an election held to determine the question, a majority of the voters voted in the affirmative. Wardell was against the plan and refused to call an election to determine the question.

On March 18, 1950, Peach Orchard instituted a mandamus proceeding to compel Wardell to hold an election on April 4, 1950, that being the date of the annual school meeting. Section 165.200, RSMo 1949, VAMS. Wardell applied for and was granted a change of venue. The case was transferred to Butler County. This caused a delay so that a notice of 15 days as required by statute could not be given before April 4. The Circuit Court of Butler County on May 22, 1950, issued a writ of mandamus requiring Wardell to hold an election within 20 days. Wardell did not comply but instead appealed to the Springfield Court of Appeals. The case was decided by the appellate court on February 20, 1951. See State ex rel. McCain v. Acom, 236 S.W. (2d) 749. The appeals court held that Wardell was legally bound to hold an election; that the election in the circumstances could be held on a day other than the day of the annual school meeting. The Court of Appeals in the concluding paragraph (236 S.W. (2d) 753 (4) made the following order:

"But we are satisfied that we should go further, and, while we approve the action of the change of venue court in this case in fixing a later date for the holding of the election, and feel that such trial court may still fix a later date for the holding of the election, applied for by *realtors* (relators), and, since the subsequent date fixed by the change of venue court has also passed, [497] the order of this court should be affirmance of the order and judgment of the change of venue court; but that the cause should be remanded to that court, with directions to it to fix another date for the holding of such election, with all of the

necessary orders for notice, as required by Section 10410, R.S. Mo.'
1939, now Sec. 165.170, R.S. Mo. 1949, together with the machinery for the holding of such election.''

The mandate of the court was sent to the circuit court on March 8, 1951. On March 19, 1951, the Circuit Court of Butler County, Missouri, in obedience to the mandate issued an order to the Board of Directors of Wardell to hold a meeting for the purpose of calling an election; to post notices at least 15 days before the day of election and to conduct the election as required by law. The Board of Directors of Wardell complied with that order. The election was held on April 17, fourteen days after the 1951 annual school-meeting date. The majority of the residents of Wardell voted against the change in boundary. The situation was then that Peach Orchard approved the change in boundary and Wardell disapproved. In such cases, Section 165.170, supra, provides as follows:

''* * * if one or more of the districts affected vote in favor of such change and one or more of such districts vote against such change, the matter may be referred to the county superintendent of public schools; and upon such appeal being filed with him, in writing, within five days after the annual meeting, he shall appoint four disinterested men, resident taxpayers of the county, who, together with himself, shall constitute a board of arbitration, whose duty it shall be to consider the necessity for such proposed change and render a decision thereon, which decision shall be final. When there is an equal division, the county superintendent shall cast the deciding vote.''

Peach Orchard appealed to the county superintendent and he in turn appointed four taxpayers of the county as a board of arbitration. Wardell thereupon filed the present suit to prohibit the board of arbitration from proceeding in the matter. The trial court held against Wardell and dismissed the petition. Wardell then appealed to the Springfield Court of Appeals. That court reversed the judgment of the circuit court on the theory that the statute, Section 165.170, supra, did not authorize an appeal to the superintendent because the election in the Wardell District was not held on the day of the regular annual school meeting. The statute authorizing an appeal reads, ''and upon such appeal being filed with him, in writing, within five days after the annual meeting, he shall appoint four disinterested men, * * *.'' The Court of Appeals concluded as follows (State ex rel. Acom v. Hamlet, 244 S.W. (2d) 118, l.c. 120):

''It is clearly apparent from this statute that the appeal is authorized to be taken only from an election held at the annual school meeting. Any other construction would be squarely in the face of the statute.

"This court has no power to legislate, that is a function lodged elsewhere and complaints of inadequacy of the statute must be addressed to the legislature. The judgment of the trial court should be reversed and remanded with directions that the preliminary rule of prohibition heretofore issued, be made absolute."

The court in the course of its opinion made the following observation (244 S.W. (2d) l.c. 120): "The opinion in the former case was written in plenty of time to have put both parties upon notice of the holdings of this court and the mandate was handed down in plenty of time for the proper notices to have been given and the election had at the annual school meeting. Appellants here did nothing whatever to prevent this from being done." Appellants referred to were the officers and directors of Wardell. It is true that they did nothing. However, no one but the Wardell officials were in a position to do anything. Peach Orchard was helpless. Wardell could have done something. An election could have been ordered and held on the day of the annual school meeting. [498] However, all parties followed the mandate of the court of appeals. It directed the circuit court to issue the writ to Wardell to hold the election. When this was done, the election was held as directed. That is, however, beside the point. The question is, does an appeal lie to the superintendent in the circumstances of this case? We think so. The legislature in its wisdom has provided a simple and efficient manner in which a dispute over territory between two or more school districts may be determined. The statute provides for an election to be held in the districts to be affected. If all agree, the matter is settled. If not, the matter may be referred to the superintendent of schools and the statute provides the method of determining the question. No appeal lies from the final decision of the board of arbitration.

From the record and the opinion of the court of appeals, we learn that the school patrons of Peach Orchard desired to annex territory belonging to the Wardell District. Peach Orchard set in motion the legal proceedings prescribed by law, that is, Section 165.170, supra, to accomplish this purpose. But Wardell was obstinate. It refused to give notice of an election. The court of appeals held Wardell was legally bound to give notice of election and Wardell did so only after a final adjudication by the appeals court and after a mandamus suit ordered such an election. Since the voters of Wardell disapproved the change, the only way the question could be settled was as the statute prescribed. This procedure was followed. The election finally held in the Wardell District was an election which the court of appeals said should have been held on the day of the annual school meeting of the year 1950. The only reason it was not held then was the arbitrary refusal of Wardell to comply with the law. It was necessary for Peach Orchard to institute legal proceedings to have Wardell hold an election. No appealable question was presented until the Wardell

election was over and with a different result from the election in Peach Orchard. We must construe the statute to mean that an appeal may be taken when an appealable question is presented.

It is evident that the delay was wholly due to the action of Wardell and it ill behooves Wardell to say now that the superintendent and the board of arbitrators appointed by him cannot determine the question because the statute provides for an appeal only in the cases where elections are held at the annual school meeting. If, as the court of appeals said, an election such as held in this case may when necessary be held on a day other than on the day of the annual meeting, then certainly the remainder of the statute must also apply. Any other construction would permit an unwilling school district to prevent the determination of a dispute over the change in boundaries. In State ex rel. School Dist. No. 34, Lincoln County v. Begeman, 221 Mo. App. 257, 2 S.W. (2d) 110, l.c. 111 (1, 2), the court stated what has been the rule in considering laws governing our schools as follows: "In the first place, it is the salutary law that our courts must give a liberal construction to the working of the school laws." To say that no appeal may be taken to the superintendent of schools in the circumstances of this case would, indeed, be a narrow and strict construction of the statute.

We hold the trial court was correct in dismissing the petition of the Wardell District and the judgment must be and is hereby affirmed.

It is so ordered. *Bohling* and *Barrett,* CC., concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. *Ellison* and *Tipton, JJ.,* concur; *Leedy, P. J., dubitante.*