**STATE of Missouri ex rel. F. L. SISSON, Jr., Respondent,**

**v.**

**C. E. FELKER, Mayor of the City of Sikeston, Missouri, Appellant.**

No. 7896.

Springfield Court of Appeals.

Missouri.

June 7, 1960.

Motion for Rehearing or to Transfer Overruled June 17, 1960.

R. P. Smith, Cape Girardeau, for appellant.

Dwight Crader, Sikeston, for respondent.

STONE, Presiding Judge.

At a special municipal election in the City of Sikeston, Missouri, a city of the third class, on April 7, 1959, the voters approved, by a vote of 1822 for to 1778 against, a proposition to adopt the city manager form of government. Nine days later, to-wit, on April 16, 1959, C. E. Felker, Mayor of the City, undertook to initiate "an election contest" in the Circuit Court of Scott County. His "notice of contest" having been dismissed by the trial court on May 11, 1959 [as it should have been (Felker v. City of Sikeston, Mo.App., 334 S.W. 2d 754)], Mayor Felker nevertheless failed and refused "by proclamation (to) call a special election to be held within sixty days after the date of adoption, for the purpose of electing councilmen" under the city manager form of government [V.A.M.S. 78.430, as amended Laws of 1957, p. 240], so, on July 9, 1959, relator Sisson, "a resident, taxpaying citizen, and elector of the City," instituted in the circuit court the instant proceeding in mandamus to compel Felker to call such special election. After Felker's application for change of venue had been granted but his subsequent application for further continuance had been denied, the cause was tried on September 11, 1959, and the alternative writ of mandamus was made peremptory. From this judgment, Felker erroneously appealed to the Supreme Court of Missouri (as he had done in the "election contest"), and several months passed before the appeal was transferred and the file reached this court on May 5, 1960. With the public interest standing in bold relief against this backdrop of delay, the case was advanced on our docket, was accorded an early setting for oral argument (at which Felker's counsel did not appear), and is being determined as expeditiously as is compatible with proper consideration and review of the complaints outlined in Felker's brief.

We pass the first three "points relied on" because they are nothing more than abstract statements of law concerning the writ of mandamus with which we have no quarrel but by which nothing is presented for appellate review. Supreme Court Rule 1.08, subd. (a) (3) and (d), 42 V.A.M.S.*; Prentice v. Rowe, Mo.App., 324 S.W.2d 457, 464(10) and cases there collected.

Felker's fourth point is that "the peremptory writ herein requires the calling of the election at a time not authorized by the statute which alone authorizes the election." The substance of his argument on this point is that the statute [V.A.M.S. 78.430, as amended Laws of 1957, p. 240] provides that, if no regular municipal election is to be held within sixty days after the date of adoption of the city manager form of government, a special election for the purpose of electing councilmen shall be held "within sixty days after the date of adoption," and that, since this period of sixty days (after April 7, 1959) had expired before the present proceeding in mandamus was instituted, "it was impossible to comply with the terms of the only statute on which the election commanded could be based." Although Felker understandably avoids so brash and audacious a statement, the inescapable import of his argument is that, having contrived to avoid calling a special election within sixty days after April 7, 1959, he never can be compelled to call it—in fine, that such election never can be held and thus the city never can organize, by author-

* Now Civil Rule 83.05(a) (3), (e).

ity of the election of April 7, 1959, under the city manager form of government. In support of this contention, Felker's counsel placidly contents himself with citation of the statute [V.A.M.S. 78.430, as amended Laws of 1957, p. 240] and blandly commits the point to relator's counsel and to us for briefing—a task in which we participate only because of the nature of the case and the public interest involved.

Whether the trial court properly ordered Felker to call a special election more than sixty days after April 7, 1959, basically depends upon whether the statutory provisions (in V.A.M.S. 78.430, as amended Laws of 1957, p. 240) as to time are mandatory or directory. " 'For the reason that individuals or the public should not be made to suffer for the dereliction of public officers, provisions regulating the duties of public officers and specifying the time for their performance are in that regard generally directory.' " Taney County v. Empire District Electric Co., Mo., 309 S.W.2d 610, 614; State ex rel. Rogersville Reorganized School Dist. No. R-4 of Webster County v. Holmes, 363 Mo. 760, 764, 253 S.W.2d 402, 404; Sutherland on Statutory Construction (3rd Ed.), Vol. 3, p. 102. See

also State ex inf. Smoot ex rel. Kugler v. Boyer, Mo., 259 S.W.2d 375, and State ex rel. Dalton ex rel. Stonum v. Reorganized Dist. No. 11, Clinton County, Mo., 307 S.W. 2d 501, 508(7). And, from an early date, it has been an accepted rule of construction in this jurisdiction "that a statute specifying a time within which a public officer is to perform an official act regarding the rights and duties of others, is directory merely, unless the nature of the act to be performed, or the phraseology of the statute is such, that the designation of time must be considered as a limitation of the power of the officer." St. Louis County Court v. Sparks, 10 Mo. 117, 121; State ex inf. Gentry v. Lamar, 316 Mo. 721, 725, 291 S.W. 457, 458(2); Mead v. Jasper County, 322 Mo. 1191, 1195–1196, 18 S.W.2d 464, 465(1).

So, although the general rule is that the time and the place are of the substance of an election [State ex inf. Stipp ex rel. Stokes Mound School Dist. No. 7 v. Colliver, Mo., 243 S.W.2d 344, 349(4); 29 C.J.S. Elections § 76, p. 101; 18 Am.Jur., Elections, § 112, p. 250], statutory provisions pertaining to the time of holding an election frequently have been by express declaration [1] held to be, or in necessary effect [2]

1. State ex inf. Gentry v. Lamar, 316 Mo. 721, 291 S.W. 457, 458(1, 2); State ex rel. Rogersville Reorganized School Dist. No. R-4 of Webster Co. v. Holmes, 363 Mo. 760, 253 S.W.2d 402, 405(5, 6); State ex inf. Smoot ex rel. Kugler v. Boyer, Mo., 259 S.W.2d 375, 377; State ex rel. Dalton ex rel. Stonum v. Reorganized Dist. No. 11, Clinton Co., Mo., 307 S.W.2d 501, 508(7). Accord: State ex rel. Webster v. County Com'rs. of Baltimore Co., 29 Md. 516, 522–523; Yett v. Cook, Tex.Civ.App., 274 S.W. 196, 198–199, same case 115 Tex. 205, 281 S.W. 837, 840; Board of Directors of School Dist. No. 27 of Oklahoma Co. v. Board of Excise of Oklahoma Co., 31 Okl. 553, 122 P. 520, 521(1); Looney v. Leeper, 145 Okl. 202, 292 P. 365, 367–369; State ex rel. Heironimus v. Town of Davis, 76 W.Va. 587, 85 S.E. 779, 780; State ex rel. Gay v. City of Buckhannon, 96 W.Va. 380, 123 S.E. 182, 185; State ex rel. McGregor v. Young, 6 S.D. 406, 61 N.W. 165, 167(2); People ex rel. Young v. Town of Fairbury, 51 Ill. 149, 152;

State ex rel. Kaufman v. Martin, 31 Nev. 493, 103 P. 840, 841; Chicago, M., St. P. & P. R. Co. v. Fallon County, 95 Mont. 568, 28 P.2d 462; Rainwater v. State ex rel. Strickland, 237 Ala. 482, 187 So. 484, 486, 121 A.L.R. 981; Russell v. Wellington, 157 Mass. 100, 31 N.E. 630(2); State ex rel. Parker v. Smith, 22 Minn. 218, 223; State v. Marcotte, 148 Me. 45, 89 A.2d 308, 310 (3, 4). Contra: State ex rel. White v. Ruark, 34 Mo.App. 325, 330–332; State v. Webb, 49 Mo.App. 407, 410–412(1); Corey v. Hardison, 236 N.C. 147, 72 S.E.2d 416, 420(2); Simpson v. Teftler, 176 Ark. 1093, 5 S.W.2d 350; McDoniel v. Edwards, 198 Ark. 288, 128 S.W.2d 1007; Gossard v. Vaught, 10 Kan. 162; Harrod v. Hatcher, 281 Ky. 712, 137 S.W.2d 405.

2. State ex rel. Wagner v. Patterson, 207 Mo. 129, 105 S.W. 1048, 1053–1054(4); State ex rel. Kugler v. Tillatson, Mo., 312 S.W.2d 753, 758(10); State ex rel. Thompson v. Roberts, Mo.App., 269 S.W. 2d 148, 153; State ex rel. Dahm v. Good-

treated as, directory at least to the extent of authorizing or permitting such election to be held at a later date where the person or body charged with the duty of calling or holding the election has failed or refused to do so. Some of those express holdings lean heavily upon the judicial belief and finding, with respect to the statutory provisions under review, that the essence of the thing to be done was that there should be an election and that there was no substantial reason to impute or infer a legislative intent that, if the election were not called at or within the specified time, it should not be called at all;[3] and, many of the cases emphasize that a contrary construction of the statutory provisions under review would enable careless, stubborn or recalcitrant public officials to perpetuate themselves in office unjustly, to defeat and nullify the law by neglecting or refusing to honor and obey it, to thwart and deny the right of citizens to an election simply by allowing the day therefor to pass, and to offer and rely upon their own nonfeasance or malfeasance in justification of an intolerable wrong perpetrated upon the electorate.[4] Both reasons are sound, and either would be adequate to support our conclusion in the instant proceeding that it would be sheer judicial nonsense for us to embrace Felker's contention that, because he did not call a special election within the time contemplated by law, he cannot be compelled to call it at all.

 The gist of the next two points in Felker's brief is that he should not be required to call a special election for the purpose of electing councilmen under the city manager form of government because the special election of April 7, 1959, at which that form of government was adopted, was not "a valid, honestly conducted * election." This contention is predicated upon allegations in Felker's return to the alternative writ of mandamus which are substantially the same as the "grounds" in his prior "notice of contest" charging fraud and irregularities in the conduct of the election of April 7, 1959, and in counting and tallying the ballots cast thereat. Although equity usually affords relief in cases of fraud, it has long been settled that an exception exists where an exercise of political power is involved and that, absent specific statutory authorization therefor, a judicial inquiry will not be conducted into charges of fraud and irregularities such as those made by Felker in the "election contest" and reiterated in this proceeding. See Felker v. City of Sikeston, supra, 334 S.W. 2d loc. cit. 755–756(2, 3), and cases there cited. "The right of citizens and taxpayers

---

in, Mo.App., 295 S.W.2d 600, 604(5); State ex rel. McCain v. Acom, 241 Mo. App. 446, 236 S.W.2d 749, 753(3, 4); State ex rel. Heppe v. Zilafro, Mo.App., 210 S.W.2d 719, 722–723.

3. State ex rel. Rogersville Reorganized School Dist. No. R–4 of Webster Co. v. Holmes, supra, 363 Mo. loc. cit. 765, 253 S.W.2d loc. cit. 405; State ex inf. Gentry v. Lamar, supra, 316 Mo. loc. cit. 725, 291 S.W. loc. cit. 458; Yett v. Cook, supra, 274 S.W. loc. cit. 199, same case 281 S.W. loc. cit. 840; Board of Directors of School Dist. No. 27 of Oklahoma Co. v. Board of Excise of Oklahoma Co., supra, 122 P. loc. cit. 521; Looney v. Leeper, supra, 292 P. loc. cit. 368; State ex rel. Webster v. County Com'rs of Baltimore Co., supra, 29 Md. loc. cit. 523; Chicago, M., St. P. & P. R. Co. v. Fallon County, supra, 28 P.2d loc. cit. 464; Russell v. Wellington, supra, 31 N.E. loc. cit. 631.

4. State ex rel. Acom v. Hamlet, 363 Mo. 239, 244, 250 S.W.2d 495, 498; State ex rel. Wagner v. Patterson, supra, 207 Mo. loc. cit. 148, 105 S.W. loc. cit. 1054; State ex rel. McCain v. Acom, supra, 241 Mo. App. loc. cit. 452, 236 S.W.2d loc. cit. 752; State ex rel. Dahm v. Goodin, supra, 295 S.W.2d loc. cit. 604; Yett v. Cook, supra, 274 S.W. loc. cit. 198–199; State ex rel. Heironimus v. Town of Davis, supra, 85 S.E. loc. cit. 780; State ex rel. Webster v. County Com'rs. of Baltimore Co., supra, 29 Md. loc. cit. 522; State ex rel. McGregor v. Young, supra, 61 N.W. loc. cit. 167; People ex rel. Young v. Town of Fairbury, supra, 51 Ill. loc. cit. 152; Board of Com'rs. of LaFayette Co. v. Handley, 63 Fla. 90, 59 So. 14, 16(2); Seufert v. Stadelman, 178 Or. 646, 167 P.2d 936, 940.

to honest elections is meant to be protected by the judges who supervise the voting at the polls; and so far this protection has been deemed by the Legislature sufficient in case of elections like the one in controversy."[5] We are as quickly offended and as deeply outraged by fraud as Felker and his counsel could be, but this gives us no right or license to direct the trial court to conduct in this mandamus proceeding what would, in fact, be an election contest. Again, we point out that, if there is factual foundation for Felker's charges, the law affords other means of unearthing the fraud and punishing the fraud-feasors [State ex rel. Frank v. Becker, 320 Mo. 1087, 1092, 9 S.W.2d 153, 155; State ex rel. Jackson Co. v. Waltner, 340 Mo. 137, 142, 100 S.W.2d 272, 274; State ex rel. Miller v. O'Malley, 342 Mo. 641, 649, 117 S.W.2d 319, 323], but certainly those charges constitute no legitimate basis or valid excuse for his failure to discharge promptly the purely ministerial duty of calling by proclamation a special election for the purpose of electing councilmen under the city manager form of government.

Finally, Felker argues that a writ of mandamus should not have been issued in this proceeding because, at the time of issuance, his "election contest" (although it had been dismissed by the trial court on May 11, 1959) was pending on appeal. "Before a prior suit can be held to bar or stay an action in mandamus, it must at least be made to appear, not only that the parties are the same, but that adequate relief can be obtained in the proceeding first instituted." State ex rel. Harmony Drainage Dist. No. 3 of Saline Co. v. Hackmann, 305 Mo. 685, 704, 267 S.W. 608, 612; State ex rel. City

of Republic v. Smith, 345 Mo. 1158, 1166, 139 S.W.2d 929, 934(12). Neither instant relator nor any person similarly situated was a party to the "election contest," and obviously full, adequate and complete relief of the nature sought herein could not have been granted in that unauthorized action, which the circuit court was "without jurisdiction" to entertain and try. See cases cited marginally in footnote 5. In these circumstances and with the public interest involved, the trial judge in the instant proceeding may not be convicted of an abuse of sound judicial discretion in issuing a writ of mandamus without waiting for final disposition of Felker's ineffectual appeal in the unauthorized "election contest." See again the Harmony Drainage Dist. and City of Republic cases, supra. To the same effect, see State ex rel. Byrd v. Knott, Mo. App., 75 S.W.2d 86, 90(6). Consult also State ex rel. Consolidated School Dist. No. 5 of Macon Co. v. Smith, 353 Mo. 840, 184 S.W.2d 452, 453(5), and State ex rel. News Corp. v. Smith, 353 Mo. 845, 184 S.W.2d 598, 601(8).

"The rule of the majority is * * * a part of our political system and, in fact, of our way of life." Rathjen v. Reorganized School Dist. R–II of Shelby Co., 365 Mo. 518, 534, 284 S.W.2d 516, 527(26). It should no longer be denied in the City of Sikeston. The judgment of the circuit court is affirmed and the cause is remanded with directions to the circuit court (1) to issue its supplemental writ of mandamus in peremptory form [State ex rel. Kugler v. Tillatson, Mo., 312 S.W.2d 753, 758] commanding and requiring C. E. Felker (and any successor in his office of Mayor) (a) to call by proclamation a special election for

5. State ex rel. Wahl v. Speer, 284 Mo. 45, 59, 223 S.W. 655, 659; Wilson v. Washington County, Mo., 247 S.W. 185, 187; Boney v. Sims, 304 Mo. 369, 378, 263 S.W. 412, 415; Long v. Consolidated School Dist. No. 7, Kingsville, Johnson Co., 331 Mo. 302, 305, 53 S.W.2d 867, 868; State ex rel. City of Clarence v. Drain, 335 Mo. 741, 747, 73 S.W.2d 804, 806; Missouri Electric Power Co. v.

City of Mountain Grove, 352 Mo. 262, 270–271, 176 S.W.2d 612, 617; Wann v. Reorganized School Dist. No. 6 of St. Francois Co., Mo., 293 S.W.2d 408, 410. See also State ex rel. Jackson Co. v. Waltner, 340 Mo. 137, 142, 100 S.W.2d 272, 274, and Arkansas-Missouri Power Corp. v. City of Potosi, 355 Mo. 356, 361, 196 S.W.2d 152, 154.

the purpose of electing councilmen under the city manager form of government, to be held on a date to be fixed and designated by the circuit court which shall be within sixty days after the date on which our mandate shall be received by the circuit clerk, and (b) to publish or cause to be published all notices, and to perform or cause to be performed all acts (within his authority), requisite or incident to calling and holding said election in a lawful manner, and (2) to enforce prompt, literal and complete obedience to, and compliance with, said supplemental writ of mandamus by whatever lawful means may become appropriate and necessary.

McDOWELL and RUARK, JJ., concur.