215 A.2d 421.

FRANCIS E. LITTLE, JR. *vs.* ANTHONY G. IANNUCCILLO.

DECEMBER 23, 1965.

PRESENT: Roberts, Paolino and Joslin, JJ.

JOSLIN, J. This is a petition in equity, in the nature of quo warranto, brought pursuant to G. L. 1956, §10-14-1, to determine who as between the parties is entitled to membership on the parole board.

The petitioner was appointed a member of the board by the then governor of the state on November 21, 1962 and served in that capacity until succeeded by respondent who, following his appointment thereto in February of 1965 by the present governor, assumed and now holds the office. Both appointments were purportedly made pursuant to G. L. 1956, §13-8-1, which reads as follows:

> "Within the department of social welfare there shall be a parole board consisting of three (3) qualified electors of the state appointed by the governor. In the month of *January* in each year, the governor *shall* appoint one (1) member of said board to serve for a term of three (3) years and until his successor has been appointed and has qualified." (italics ours)

The question is whether the provision that appointments shall be made in the month of January constitutes a limitation on the appointive power of the chief executive and inhibits its exercise save in that month.

If, as petitioner argues, the statute is mandatory rather than directory and the governor must appoint in January, or else not at all, then, since both parties were appointed in a month other than January, the claim of each to the office is subject to the same infirmity. And if that be the case, petitioner's standing before us is in doubt, it being settled that a petition of this sort without the intervention of the attorney general can be maintained only on the strength of a claimant's title to the office and not on the weakness of that of the one whose ouster he seeks. *Black* v. *Cummings,* 62 R. I. 361; *Gorham* v. *Robinson,* 57 R. I. 1.

We decide the legality of the appointment, however, not on this procedural ground, but on the substantial issue of

whether the governor's failure to act in the month of January invalidated the appointment made by him in February.

A like question, but arising under a different statute, was posed to the justices of this court by Governor Bourn. The legislature had provided that "At least six months previous to the date for taking the census [June 1, 1885] * * *, the governor *shall* appoint a superintendent of the census * * *." (italics ours) The governor did not act until January 5, 1885 and he then inquired of our predecessors whether his appointment was lawful. In *In Re The Census Superintendent,* 15 R. I. 614, after observing that the legislature had not intended to limit the power to appoint but only to insure its timely exercise, the justices advised the governor that his appointment was lawful even though not made within the prescribed time. They relied on *People* v. *Allen,* 6 Wendell (N. Y.) 486, to support their conclusion.

In that case, the statute provided that "the commanding officer * * * shall, *on* or *before* the first day of *June* in every year, appoint a brigade court martial." Finding that the court martial was legally constituted even though the appointment was not made until July, the court said at page 488:

"So it may be said of this case, that as there is nothing in the nature of the power shewing that it might not be as effectually exercised after the first of June as before, and as the act giving it contains no prohibition to exercise it after that period, the naming that day was a mere direction to the officer in relation to the manner of executing his duty. There is nothing in the nature of the power given, or in the manner of giving it, that justifies the inference that the time was mentioned as a limitation."

In England from early times the same distinctions were made in the determination of what was mandatory and what discretionary, Lord Mansfield saying in *Rex* v. *Loxdale,* 1 Burr., 445, 447, that "The *precise time* * * * is NOT

of the *essence"* and Lord Ellenborough in *The King* v. *The Justices of Denbyshire,* 4 East 142, 144, that:

> "This part of the act is only directory to the magistrates to make the appointment at the time mentioned: but there are no negative words to prevent them from exercising their office in that respect at any subsequent time, if it shall be necessary. And common sense requires that if the appointment be not made at the first special sessions it should be made afterwards."

The authorities are in accord with the cases referred to. *Birmingham Building & Loan Ass'n* v. *State,* 120 Ala. 403; *State ex inf. Gentry* v. *Lamar,* 316 Mo. 721; *State ex rel. Webster* v. *County Commissioners,* 29 Md. 516; 1 Cooley, Constitutional Limitations (8th ed.), p. 158.

Turning to the statute on the appointment of members of the parole board we find nothing in the nature of its purposes which suggests that it may not be as effectively exercised in February as in January, nor does it contain any language which directly or by reasonable implication negatives the power to appoint except in the month of January, nor can there be found any indication of a legislative intention that the appointment if not made within the time prescribed might not be made afterwards. In the circumstances, common sense dictates the conclusion that the respondent lawfully holds office as a member of the parole board.

The petition is denied and dismissed, and on January 5, 1966, a decree in accordance with this opinion may be presented for entry by the court.

*Eugene F. Toro,* for petitioner.

*Bruce M. Selya,* for respondent.