## No. 9909.

### NOLAND, SECRETARY OF STATE *v.* HAYWARD ET AL.

Decided September 22, 1920. Rehearing denied October 4, 1920.

Action to determine the sufficiency of an initiative petition. Held insufficient by the district court.

*Reversed.*

1. INITIATIVE AND REFERENDUM—*Submission clause.* Under secs. 1 and 3, laws of 1919, p. 431, to the effect that an initiative petition shall contain a "submission clause" before being signed by

electors, a petition which contains a ballot title together with the words "yes" and "no" and blank spaces opposite thereto, may be deemed to comply with the requirements of the Act concerning submission clauses.

2. WORDS AND PHRASES—"To submit", defined.

*Error to the District Court of the City and County of Denver, Hon. C. J. Morley, Judge.*

Hon. VICTOR E. KEYES, Attorney General, Mr. WILLIAM R. RAMSEY, Assistant, Messrs. ALLEN & WEBSTER, for plaintiff in error.

Mr. MILTON SMITH, Mr. CHARLES R. BROCK, Mr. W. H. FERGUSON, Mr. L. J. WILLIAMS, Mr. JOHN T. BOTTOM, Mr. JOHN G. REID, for defendants in error.

Mr. HORACE N. HAWKINS, Mr. CLARENCE M. HAWKINS, Mr. CARLE WHITEHEAD, Mr. ALBERT L. VOGL, *Amici Curiae.*

*En banc.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a cause which is before us, under section 3, Chapter 97, Session Laws of 1913, for a summary review of a decision of the District Court of the City and County of Denver, which adjudged a certain initiative petition to be insufficient.

On May, 20, 1920, certain persons submitted to the Secretary of State a draft of an initiative petition for a proposed law, creating a new county, to be enacted or voted upon by the people. This step was evidently taken under that part of section 1, Chapter 131, Session Laws of 1919, which reads as follows: "Section 1. That on and after the passage of this act, the original draft of all initiative petitions for proposed laws to be enacted by the people shall, before they are signed by the electors or any of them, be submitted with a copy thereof to the Secretary of State without any title thereto, submission clause or ballot title, providing the designation for or against which the voters shall express their choice for or against said proposed law; * * *."

Thereafter on the same day the Secretary of State, assisted by the Attorney General and the Reporter of the Supreme Court acted, or attempted to act, under a further provision of section 1 of the act of 1919, reading as follows: "* * * That within three days after such submission, the Secretary of State shall call to his assistance the Attorney General and the Reporter of the Supreme Court, the three of which, a majority controlling, shall, within five days thereafter, designate and fix a proper and fair title for said proposed law; also its ballot title and submission clause, which shall correctly and fairly express the true intent and meaning of the act, and immediately thereafter deliver the same with the original to the parties presenting it, keeping the copy with a record of their actions thereon." The Secretary of State, the Attorney General and the Reporter of the Supreme Court, on the date above named and under the statutory provision above quoted, designated and fixed a title to the proposed law, set forth in the initiative petition in question, and also designated and fixed its ballot title. The title to the proposed law begins with the words: "An act to establish the county of Limon." The ballot title is: "An Act Creating the County of Limon." After the above stated action was taken, the Secretary of State caused to be prepared and inserted in the original petition, and in the copy required by law to be retained as a record in his office, the following: "The Secretary of State, Attorney General and Reporter of the Supreme Court do hereby designate and fix as the ballot title to the proposed initiated measure herein, the following":

| | Yes | | |
|---|---|---|---|
| An Act Creating the County of Limon | ——— | ——— | |
| | No | | |

On June 29, 1920, the petition, containing the foregoing title, and the insertion above quoted, including the ballot title with the words "yes" and "no" and blank spaces opposite thereto, was filed in the office of the Secretary of State. On July 13, 1920, a protest was filed against the petition.

The principal ground of the protest was that the petition or petitions contained no "submission clause," and that the signatures to such petition or petitions were obtained "before any submission clause was added." On July 27, 1920, after a hearing upon the protest, the same was, by the Secretary of State, overruled, and the initiative petition was found and held to be sufficient. Thereafter the parties to the protest had this finding reviewed by the District Court of the City and County of Denver. That court, on August 16, 1920, after due proceedings had, made the following finding: "That no submission clause was prepared by the Secretary of State, the Attorney General and the Reporter of the Supreme Court, or by any of them, and no submission clause was inserted in the petition prior to its circulation, or at all, and accordingly the court finds that the petition is insufficient in form and that the signatures procured thereto are of no force or effect whatever." Upon that finding the court adjudged that the petition is insufficient in form and that the signatures thereto are without any force or effect. The foregoing is the decision which is before us for review.

The question to be determined is, Does the petition contain a submission clause? If it does not contain such clause, then the judgment of the district court is right under section 3 of the act of 1919 which provides that, "No petition for any initiative measures shall be circulated nor any signature thereto have any force or effect which has been signed before the titles and submission clauses have been added in the manner herein provided."

Neither the initiative and referendum amendment to the constitution, nor any statute prior to that of 1919, above cited, defines or even uses the term "submission clause", and the act of 1919 uses the expression without stating what a submission clause is. A clause may be a subdivision of a document. 11 C. J. 830. In this sense, a ballot title, as described in Chapter 97, Session Laws of 1913 and the words "yes" and "no" with the blank spaces to the

right and opposite the same, as provided for by the same act, constitutes a "clause." Furthermore it is a clause which submits the proposed measure to the voters for their adoption or rejection. It is, therefore, a submission clause. To submit means to present and leave to the judgment of the qualified voters. 4 Words & Phrases, 736. In *People v. Perkins,* 56 Colo. 17, 137 Pac. 55, Ann. Cas. 1914D, 1154, this court used the expression "submission clause" in referring to a ballot title or to the matter which went upon the ballot and which was before the electors at the time they cast their respective votes for or against the initiated measure.

We are of the opinion that the initiative petition in question contains a submission clause, within the meaning of the act of 1919,—that the ballot title, together with the words "yes" and "no" and the blank spaces opposite thereto, may be deemed to be such submission clause.

The decision of the district court is reversed, and the cause remanded with directions to enter judgment in accordance with the views herein expressed.

Mr. Justice Scott and Mr. Justice Teller not participating.

Mr. Justice Denison dissents.

Denison, J., dissenting.

I think the judgment of the District Court is right. Some of my colleagues think the ballot title and submission clause, referred to in S. L. 1919, 431-2, are one and the same. That cannot be, because the statute refers to three things, title, ballot title and submission clause. It cannot grammatically be construed to refer to but two.

Others think the words "Yes" and "No" in the ballot title are not a part thereof but constitute the submission clause. It seems clear to me that they are a part of the ballot title and cannot be conceived to be a submission clause at all, but if they could they do not comply with the requirement of the statute that the submission clause

"shall correctly and fairly express the true intent and meaning of the act."

Under section 3, therefore, the petition in question could have no force or effect.