STATE ex rel. THE NEWS CORPORATION, a Corporation, Relator, v. FORREST SMITH, State Auditor.—No. 39401.—184 S. W. (2d) 598.

Court en Banc, January 18, 1945.

*Conkling & Sprague* for relator.

*J. E. Taylor,* Attorney General, and *Harry H. Kay,* Assistant Attorney General, for respondent.

*Frank B. Williams, amicus curiae pro se.*

848

*Williams, Nelson & O'Bryen, amici curiae.*

852

 CLARK, J.—Original proceeding in mandamus to compel the respondent, State Auditor, to approve a voucher and issue a warrant to relator. The voucher, dated December 23, 1944, was issued by the executive committee of the 1943-44 Constitutional Convention in payment for publishing in relator's newspaper the "Address to the People" adopted by the Convention.

The Convention adjourned sine die on September 29, 1944. Prior to adjournment the following, among other proceedings, were had.

On September 27 the "Address to the People," explanatory of the proposed Constitution, was approved and provision was made for an executive committee and other committees to complete the work of the Convention. Among other duties the executive committee was directed to "Supervise, manage, control and pay for all activities necessary to the closing of the Convention and the submission of the new constitution to the voters of the State."

On September 28 the Convention approved the final draft of an entire new constitution to be submitted to the voters and adopted the report of a committee recommending the printing and distribution of the "Address to the People" in pamphlet form and also its publication in newspapers.

On September 29 a committee report, including an attached exhibit, was adopted. The exhibit was styled: "Ordinance. Manner of holding election submitting the proposed constitution of Missouri to the electors and fixing the date of said election."

The Ordinance fixed the date of election, method of giving notice, method of conducting the election and making returns thereof. An appropriation was made to pay the cost of printing the "Address to the People" in pamphlet form and its publication in newspapers.

A decision of this case depends upon a construction of Section 3, Article XV of the present Constitution, a portion of which reads:

"The convention shall have power to appoint such officers, employees and assistants as it may deem necessary, and fix their compensation, and to provide for the printing of its documents, journals, proceedings and a record of its debates, and to appropriate money to pay for the expenditures incurred. . . . Any proposed Constitution or constitutional amendment which shall have been adopted by such convention shall be submitted to a vote of the electors of the state in such manner and containing such separate and alternative propositions and on such official ballot as may be provided by such convention," etc.

On behalf of respondent counsel contends: (1) that the Convention determined the manner in which the proposed new constitution should be submitted to the electors in the ordinance heretofore mentioned, and that such ordinance did not provide for or authorize the publication in newspapers of the "Address to the People;" (2) even if the Convention, by adopting committee reports or in any other manner, undertook to authorize such publication and to appropriate money to pay for the same, such action was without authority and void.

On the first contention counsel argues that the manner of submission was completely and exclusively provided for in the ordinance and that the previous adoption of a committee report recommending publication of the "Address" cannot be considered as any part of the plan or manner of submission. In making this argument, we apprehend that counsel is confused ·by the constitutional restrictions imposed upon the general assembly requiring it to act in a particular way. There is nothing in the constitution requiring the Convention to proceed in any particular manner, that is, by bill or ordinance, nor is there any requirement that its plan for submission of its work must ·be merged into one ordinance or resolution. We see no inconsistency in the duly adopted committee report authorizing the publication of the "Address" and the ordinance providing the method of holding the election. They treat different phases of the same general subject and each is a part of the plan or "manner" in which the Convention purposed to submit its work to the voters.

But counsel says there must be authority for the incurring of an obligation before money can be appropriated to pay therefor. Of course, that is true, but again we fear that counsel is thinking

of the restrictions placed upon the manner in which the general assembly can authorize the incurring of an obligation and which restrictions are not applicable to the Convention. The constitution authorizes the Convention to incur expenses for certain purposes and such expenses are not required to be authorized in a particular manner. They may be authorized by motion or resolution duly adopted by the Convention.

■ Counsel contends that the Convention was without legal authority to authorize the publication of the "Address" and to appropriate money to pay for same.

In support of this contention counsel calls our attention to the manner in which various propositions are submitted to the voters by the general assembly and to the provisions of Section 2 of Article XV of our Constitution governing the submission of constitutional amendments either by the general assembly or by the initiative. But Section 3 of Article XV permits the Convention to submit its work in such manner *as it may provide* which means, of course, that it may adopt a different method from that provided for the submission of other propositions.

Some effort is made to define the word "submit." It is contended that to submit means to present and leave to the judgment of the voters. [Noland v. Hayward, 192 Pac. 657, 69 Colo. 181.] That is true, but a proposition may be *presented* or *submitted* in various ways. A case is submitted to a court when it is finally left with the court for its decision, but it may be submitted, (1) on the pleadings, (2) on the pleadings and evidence, (3) on the pleadings, evidence and *argument*. Either of those methods constitutes the *manner* of submission.

We get little help from cases decided in other jurisdictions because they are based upon constitutional or statutory provisions which differ from ours, but so far as the cited authorities are pertinent they support the idea that to "submit" may include more than leaving the bare document to the will of the voters. For instance: In re Norton, 134 N. Y. S. 1030, 75 Misc. 180, says: "In this election everything necessary to reach the judgment of the qualified voters is a part of the submission; that is, all the proceedings preparatory to the election, the proceedings upon election day, including the count of the ballots, and the return." Hoar on Constitutional Conventions, page 213, says: ". . . the general authority of the Convention over the manner of submission will include the date of election, the election officials" etc.

■ A brief filed by amicus curiae on behalf of respondent raises questions not stressed by respondent's counsel. We are not required to consider these additional questions because an amicus curiae "must take the case as he finds it with the issues made by the parties." [3 C. J. S., page 1049, section 3c.] But we will consider them since

this is a matter of general public interest and not merely a suit concerning private litigants.

It is contended: (1) that the life of committees could not be extended beyond the final adjournment of the Convention; that when the Convention adjourned sine die its members became private citizens without power to incur indebtedness on behalf of the Convention; (2) that a suit now pending in the circuit court wherein a taxpayer seeks to enjoin respondent and another official from recognizing the validity of the voucher now under consideration bars us from jurisdiction in the instant suit.

We concede the correctness of the abstract proposition that the life of a committee cannot be extended beyond the life of the body which created the committee. That is not the question here. If, as we hold, the Convention had the power to *submit* ▮ its work to the voters in such manner as it may decide, it had the power to appoint the persons to complete and carry out such submission. Although such persons are designated as a committee of the Convention, they are in reality agents of the State or of the public to supervise the expenditure of public money which has already been legally appropriated for a definite purpose. The general assembly has, by law, created what it termed a Legislative Research Committee which functions after final adjournment. The Convention has, by proceedings which have the force of law, created a so-called committee to perform the public function of submitting its work to the voters in the manner provided by the Convention.

The election to vote on the proposed constitution has been set for February 27. No final decision can be rendered before that date in the injunction suit pending in the circuit court. Due to the urgency for a speedy decision, that case not only fails to afford, but actually denies, adequate relief to relator in the instant mandamus suit. We have jurisdiction.

On oral argument it was conceded that the Convention had power to publish the entire proposed constitution in newspapers. We hold that it also had the power, as a part of its plan of submission, to publish the explanatory matter which constitutes the "Address to the People." The people granted that extensive power to the Convention by the adoption of Section 3 of Article XV of the Constitution. Whether that provision is wise or otherwise is not for us to say.

The voucher having been issued in accordance with law, the respondent State Auditor is without discretion to refuse to approve it and to issue his warrant.

This case has been thoroughly and ably briefed and argued by the attorneys for the relator and respondent. The members of the court have had full opportunity to examine the record and briefs. The necessity for a speedy final decision induced us to advance the

856

hearing and now requires us to suspend our rule permitting the filing of a motion for rehearing.

The alternative writ of mandamus heretofore issued herein is hereby made permanent. All concur except *Gantt, J.,* not sitting.