No. 18,274.

SHERWIN LOWELL CIRCLE, ET AL. *v.* CITY OF COLORADO SPRINGS.

(312 P. [2d] 509)

Decided June 17, 1957.

MR. GEORGE LOUIS CREAMER, Mr. GERALD M. QUIAT, for plaintiffs in error.

Mr. F. T. HENRY, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

IN the absence of a record in this case, we indulge in the assumption that the City of Colorado Springs has an ordinance commonly designated by it as the "Green River Ordinance." As gathered from the motion and the answer thereto, the effect of this ordinance is a prohibition against door-to-door solicitation by peddlers and solicitors. It is vaguely suggested that the purpose of this action is to test the validity of the ordinance.

As a part of the stage setting for the action, one of the plaintiffs in error, in an inoffensive way, was endeavoring to sell to a complainant a vacuum cleaner, but was detained by complainant until the arrival of the police, who made an arrest. On complaint, the police magistrate found said plaintiff in error guilty of a violation on a holding that the ordinance was valid and assessed a fine of ten dollars for the violation.

Another complainant based a complaint against co-plaintiff in error, an official of a newspaper of daily circulation in the city of Colorado Springs, alleging he had violated the ordinance in attempting to sell complainant a subscription to the paper at his home.

Trials against both plaintiffs in error were held before the police magistrate on November 26, 1956, and the minimum fines were assessed, following which, the matters of both cases were regularly docketed on appeal in the county court and hearings before the county judge were set for February 7, 1957. The cases were consolidated for trial and the matter submitted upon stipulation on the basis of the testimony in the municipal court. The county judge took the case under advisement and submitted a written opinion; concluded that the ordi-

nance was valid; and increased the fines to one hundred dollars in each case. The usual appellate orders were entered and plaintiffs in error, as defendants promptly filed a designation of record and ordered the preparation of the transcript. Soon after the decision of the county court, the city council formally submitted the ordinance for referendum as to repeal. Writ of error to this court was issued April 5, 1957, and as of April 6, the day following, it was certified that at a municipal election held shortly theretofore, the ordinance was, by a vote of the electors, repealed. All fines that had been levied by both the municipal court and the county court were stayed pending the review of the county court decision. These proceedings, in this jurisdiction, are civil proceedings, and the repeal by the electorate of the ordinance under which the unpaid and pending fines were imposed leaves nothing before this court except a moot or academic question, and we decline to pass upon or determine moot questions simply because they might present interesting problems.

■ We therefore direct that plaintiffs in error may cease prosecution of this writ of error, and further direct the county court of El Paso county to dismiss the proceedings and abate the fines by it levied, because they were levied or assessed while there was an existing ordinance; however, the effect of the repeal of the ordinance by the electorate obliterated the statute under which the fines were levied as fully as though the ordinance authorizing such fines had never existed, and particularly where the pending writ of error is not finally concluded at the time of the repeal.

The repealing ordinance contained no saving clause, and any action taken by the city council, before or after the repeal by the electorate, containing saving clauses, is without any force or effect.

Disposition of this matter is to be made in accordance with the views and determination hereinbefore expressed.