Request of Governor and Council,
No. 4868.

## OPINION OF THE JUSTICES.

Argued July 14, 1960.

Answer returned July 19, 1960.

A resolution adopted by the Governor and Council on June 30, 1960, was filed in this court on July 5, 1960, and oral arguments were heard on July 14, 1960. The resolution is as follows:

"WHEREAS, The Convention to Revise the Constitution at its reconvened session which opened December 2, 1959, and adjourned on December 4, 1959, adopted four amendments to the Constitution, to wit:

"(1) Limiting the payment of mileage to be paid to the members of the Legislature;

"(2) Giving the Legislature power to provide for continuity of state and local government in the case of enemy attack;

"(3) Changing the right for a jury trial in civil matters to amounts in excess of $500. instead of $100.;

"(4) To empower the Legislature to make suitable census adjustment in legislative apportionment on account of nonresidents temporarily residing in a town or ward;

and WHEREAS, The Convention adopted the following Resolutions:

" 'RESOLVED: That there shall be a committee consisting of the President and the Chairman and Vice-Chairman of the Committees on Time and Mode of Submitting to the People the Amendments agreed to by the Convention and on Form and Style whose duty it

shall be to prepare, cause to be printed and distributed a pamphlet to inform the voters of the State concerning the amendments submitted by the Convention; and the Governor is hereby authorized and directed to draw his warrant for the payment of such expenses as this committee may incur, but not exceeding two thousand five-hundred dollars ($2,500.00).

" 'RESOLVED: That the Governor and Council be requested to allocate funds from the Emergency Fund for the purpose of defraying the expenses of continuing the 1956 Constitutional Convention, as reconvened on December 2, 1959, by order of the President, which are in excess of the legislative appropriation.'

"WHEREAS, the President of the Convention, as Chairman of the Special Convention Committee, has requested the Governor and Council to authorize the disbursement out of the Emergency Fund of such sums not exceeding twenty five hundred dollars for the expenses incurred in the preparation and distribution of the pamphlet to inform the voters of the State concerning the amendments submitted by the Convention; and

"WHEREAS, the Secretary of State has prepared the official ballot setting forth these questions for vote at the November, 1960, General Election, and,

"WHEREAS, it has been suggested that in the event it is determined by the Supreme Court that the Emergency Fund may not lawfully be used for such purpose request has been made of the Secretary of State and by him referred to this body for approval pursuant to RSA 4:15, and

"WHEREAS, the resolution of these questions of the authority of the Governor and Council to warrant such sum is an important question of law upon a solemn occasion, contemplated by the Constitution of New Hampshire;

"NOW THEREFORE BE IT RESOLVED by the Governor and Council assembled in regular session this thirtieth day of June in the year of our Lord one thousand nine-hundred and sixty, that the opinion of the Justices of the Supreme Court be, and it hereby is, respectfully requested upon the following questions of law:

"1. Does the Governor, by and with the consent of the Council have authority to issue a warrant upon the State Treasurer for the payment out of the Emergency Fund, as said fund authorizes and exists by virtue of RSA 4:18, for payment of the costs of printing and distribution of a pamphlet designed to explain to the voters of The State of New Hampshire the

meaning, scope and nature of the questions relating to constitutional amendments proposed by the Convention to Revise the Constitution as said questions will appear upon the official ballot in the November, 1960, General Election?

"2. In the event the answer to the foregoing question is determined by the Supreme Court of New Hampshire to be in the negative, does the Governor and Council have authority to approve as a reasonable and prudent expenditure out of monies appropriated to the Secretary of State for the current fiscal year for the printing of ballots, a sum not to exceed two thousand five-hundred dollars ($2,500.00) for the purpose of printing an advance description on a separate sheet to accompany said sample ballots, an explanation of questions relating to constitutional amendments proposed by the Convention to Revise the Constitution?

The following answer was returned:

*To His Excellency the Governor and the Honorable Council:*

The undersigned Justices of the Supreme Court submit the following answer to the inquiry contained in your resolution filed July 5, 1960, pertaining to the use of the emergency fund for the preparation, printing and distribution of a voters' guide explaining the constitutional amendments to be submitted to the people at the election in November, 1960.

The Constitutional Convention provided for in 1955 (Laws 1955, c. 42; Const. Pt. II, *Art.* 99), at its reconvened session in December 1959, which followed adjournment of the 1959 session of the Legislature, adopted four proposed amendments to be submitted to the voters in the November 1960 election. The first one would limit the payment of mileage to be paid the members of the Legislature. The second proposed amendment would enable the Legislature to provide for continuity of state and local government in case of enemy attack. The third relates to jury trials in civil matters, and the fourth would empower the Legislature to make suitable census adjustment in legislative apportionment on account of nonresidents temporarily residing within the state. The Constitutional Convention also authorized the preparation, printing and distribution of a pamphlet explaining to the voters the nature and effect of the proposed amendments. Such a pamphlet, entitled

a "Voters' Guide" had been prepared and distributed to the voters in connection with the proposed constitutional amendments submitted to the people in the November elections of 1956 and 1958. See *Concrete Co.* v. *Rheaume Builders,* 101 N. H. 59, 60.

The question whether or to what extent the Constitutional Convention is completely subordinate to or independent of the Legislature in its power to incur an indebtedness for convention purposes binding on the State is a matter of some difficulty which has not been entirely resolved in a categorical manner. White, Amendment and Revision of State Constitutions, 100 U. of Pa. L. Rev., 1132, 1146-1147 (1952); Dodd, The Revision and Amendment of State Constitutions, *pp.* 55, 72 (1910); Hoar, Constitutional Conventions, Their Nature, Powers and Limitations, *c.* 11 (1917). Thus, in *Opinion of the Justices,* 76 N. H. 612, 613, it was stated that the Constitutional Convention had "no enacting capacity, unless an incidental one of narrow range is implied *as necessary for the business of preparing questions of revision and submitting them to the people.*" (Emphasis supplied). However we are not called upon in this opinion to settle that issue since the precise question before us is whether or not the Governor and Council has the power to appropriate from the emergency fund (RSA 4:18) the sum of $2,500 for the preparation, printing and distribution of a voters' guide in connection with the proposed constitutional amendments to be submitted to the voters in the November 1960 election.

The desirability of an informed electorate in passing on changes in the fundamental law of the Constitution is disputed by no one and the practice of informing the voters of the nature of constitutional amendments has been given high priority in judicial decisions. See *State ex rel News Corp.* v. *Smith,* 353 Mo. 845. It was impliedly recognized by the Legislature in the act providing for this Constitutional Convention which authorized the Convention to provide for the method of submission of amendments agreed to by its members and to "do any and all other things necessary to carry out the purposes of the convention." Laws 1955, *c.* 42, *s.* 7. The use of the emergency fund in aid of the work of Constitutional Conventions has at least received administrative approval in this state. Journal of N. H. Constitutional Convention (May 15, 1956) 113-114.

Publication of a "Voters' Guide" is a reasonable incident of submission of the proposed amendments to the voters as one of the "essential functions of state government." RSA 4:18. If the

guide is to be of practical use in connection with submission in November 1960, its preparation and distribution must be provided for before the next session of the Legislature. The need for such a provision could not be definitely determined at the last session which adjourned before the proposed amendments were considered by the reconvened Convention.

While the present circumstances calling for immediate action do not constitute an emergency in the sense of a state-wide disaster or an unforeseen cataclysmic event, the proposed expenditure is of sufficient importance and urgency at the present time to warrant the Governor and Council in using the emergency fund for that purpose. See *Opinion of the Justices,* 93 N. H. 478.

> FRANK R. KENISON.
> LAURENCE I. DUNCAN.
> AMOS N. BLANDIN, JR.
> EDWARD J. LAMPRON.
> STEPHEN M. WHEELER.

July 19, 1960.

*J. Walker Wiggin, amicus curiae,* for affirmative answers.

*Louis C. Wyman,* Attorney General and *George T. Ray,* Assistant Attorney General, for negative answers.