**Dan WILDE, individually and as Mayor of the City of Wheat Ridge, Plaintiff–Appellant,**

**v.**

**CITY OF WHEAT RIDGE, Colorado, a municipal corporation, and its City Council composed of: Jerry DiTullio, Jean D. Fields, Ken Siler, Tony Solano, Donald R. Eafanti, Janelle Shaver, Claudia Worth and Teri Dalbec, all as members of the City Council of the City of Wheat Ridge, Colorado, a municipal corporation, Defendants–Appellees.**

No. 97CA0098.

Colorado Court of Appeals,
Div. I.

Oct. 1, 1998.

Albert E. Anderson, P.C., Albert E. Anderson, Wheat Ridge, for Plaintiff–Appellant.

Gorsuch Kirgis L.L.C., Gerald E. Dahl, Robert C. Widner, Maureen H. Juran, Denver, for Defendants–Appellees.

Opinion by Judge METZGER.

Plaintiff, Dan Wilde, the Mayor of the City of Wheat Ridge, appeals the summary judgment entered in favor of defendants, City of Wheat Ridge and its City Council. We affirm.

On July 22, 1996, the Wheat Ridge City Council adopted an emergency ordinance. The ordinance submitted for consideration at the November 5, 1996, general election the question whether the Wheat Ridge City Charter should be amended to change the form of city government from Mayor–Council to Council–Manager.

Plaintiff filed a complaint and verified motion for temporary restraining order, requesting that the district court enjoin the election because the emergency ordinance would expire by operation of law before the election date. A hearing was set for October 30, 1996.

After notification that the election ballot had been certified and early voting had already begun, the district court held a telephone conference with counsel for all parties on October 23, 1996. Because it was no longer possible to withdraw the question from the ballot, the district court, with the agreement of counsel, vacated the temporary restraining order hearing.

The general election took place on November 5, 1996, and the charter amendment was adopted.

After a lengthy hearing on both the complaint and defendants' motion to dismiss, the court entered an order treating defendants' motion to dismiss as a motion for summary judgment and entering judgment for defendant.

## I.

█ Plaintiff first contends the trial court erred in ruling that expiration of the emergency ordinance did not operate to invalidate the result of the election. Plaintiff argues that, because the ordinance expired before the date of the general election, defendants were without authority to proceed with the election on the charter amendment. We disagree.

█ To enjoin the holding of a scheduled election or to invalidate an election already held, it must be shown that either the true will of the voting public was not reflected in the results, or that statutory requirements were not substantially complied with by those responsible for calling, scheduling, and conducting the election. *Crowe v. Wheeler*, 165 Colo. 289, 439 P.2d 50 (1968).

█ The governing body of a home rule city may initiate proceedings to amend the home rule charter by adopting an ordinance to submit the proposed amendment to the voters of the municipality. Section 31–2–210, C.R.S.1998. "To submit means to present and leave to the judgment of the qualified voters." *Noland v. Hayward*, 69 Colo. 181, 185, 192 P. 657, 658 (1920).

On July 22, 1996, the city council passed the emergency ordinance, submitting the proposed amendment of the city charter to the voters for consideration at the general election on November 5, 1996. In accordance with Wheat Ridge City Charter § 5.13, the emergency ordinance expired 90 days after passage, *i.e.,* October 20.

Before expiration of the ordinance, defendants entered into an Intergovernmental Agreement with Jefferson County to conduct a coordinated election. In fulfillment of their duties under the agreement, defendants provided the county clerk with the necessary maps of voters, published notice of the proposed amendment, submitted a copy of the ballot issues to the county clerk, and approved the layout and text of the ballot. Absentee and early voting began on October 14, 1996.

The only election duties not performed by defendants before the expiration of the ordinance were preparation of a test deck of ballot cards and participation in the electronic vote tabulating procedures. The evidence is uncontradicted that these duties could not have been completed until after the polls closed on November 5.

Thus, as the trial court found, by fulfilling all of the duties that could be performed before the day of the election, the defendants had, in effect, submitted the proposed amendment to the judgment of the voters, as required by § 31–2–210, before the ordinance expired.

Plaintiff argues the holding in *Circle v. Colorado Springs*, 135 Colo. 486, 312 P.2d 509 (1957) mandates a contrary result. We disagree.

Plaintiff relies heavily on the finding of the court in *Circle* that defendant's repealed ordinance should be treated as though it never existed. He contends this court should likewise treat the emergency ordinance as though it never existed, thus leaving defendants without authority to conduct the election. However, as the trial court noted, *Circle* is distinguishable.

There, the ordinance in issue had been repealed by a vote of the city's electorate. Thus, the court held, the fines imposed in a civil proceeding, which was still pending at the time the ordinance was repealed, were abated.

Here, in contrast, the submission of the charter amendment to the voters had been completed before the ordinance expired. Therefore, the trial court was correct in determining that expiration of the ordinance did not invalidate the results of the election.

## II.

█ Plaintiff also contends he was prejudiced by the trial court's postponement of the hearing on his motion for temporary restraining order until after the election. We disagree.

The standard for determining whether to invalidate an election is identical to the standard for determining whether to enjoin an election. *Crowe v. Wheeler, supra.* And, plaintiff does not assert that he was denied

**216**

an opportunity to litigate the issues fully and fairly.

Thus, since the legal standard for a pre-election and post-election challenge is the same, and since no factual issues exist, defendant has failed to establish any prejudice.

■ Moreover, defendant did not assert that he would suffer prejudice when he agreed to postpone the temporary restraining order hearing until after the election. Thus, we will not further address his contention. *In re Estate of Stevenson v. Hollywood Bar & Cafe, Inc.,* 832 P.2d 718 (Colo.1992).

The judgment is affirmed.

DAVIDSON and ROY, JJ., concur.